IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC., | ) | |
| VIASYS MANUFACTURING INC., and | ) | |
| BIRD PRODUCTS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-579 |
| | ) | |
| VERSAMED  MEDICAL SYSTEMS, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant VersaMed Medical Systems, Inc. ("VersaMed" or "Defendant"), by its counsel, hereby files its Answer to the Complaint and its Counterclaims against Plaintiffs Viasys Respiratory Care Inc. ("VRCI"), Viasys Manufacturing Inc. ("VMI"), and Bird Products Corporation ("Bird") (collectively "Plaintiffs").  Except as expressly admitted below, VersaMed denies each and every allegation of the Complaint.

## ANSWER

### Nature of the Action

1.      Defendant admits that Plaintiffs have purported to state a claim for patent infringement, but denies that there has been any infringement.

2.      Defendant admits that Plaintiffs have purported to state a claim for patent infringement, but denies that there has been any infringement.

3.      Denied.

**Jurisdiction and Venue**

4.    Defendant does not dispute subject matter jurisdiction.

5.    Defendant does not dispute personal jurisdiction.

6.    Defendant does not dispute venue.

**Parties**

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

10.    Admitted.

11.    Denied.

**Background**

12.    Defendant admits that United States Patent No. 6,877,511 ("the '511 patent") states that it was issued on April 12, 2005, is entitled "Portable Drag Compressor Powered Mechanical Ventilator," and that a copy was attached to the Complaint, but denies that the '511 patent was duly and legally issued.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

**Alleged Infringement**

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

**First Claim for Relief**

20.     Defendant incorporates by reference its responses to paragraphs 1-19 above.

21.     Denied.

22.     Denied.

23.     Denied.

**DEFENSES**

24.     Defendant has not infringed the '511 patent.

25.     Plaintiff's claim of infringement is barred by prosecution history estoppel.

26.     The '511 patent as asserted is invalid.

27.     Plaintiff's claim is barred or limited by laches.

**COUNTERCLAIMS**

For its Counterclaims against Plaintiffs VRCI, VMI, and Bird (collectively "Plaintiffs"), VersaMed states as follows:

1.      VersaMed is a Delaware corporation with its headquarters and principal place of business at 2 Blue Hills Plaza, Pearl River, New York 10965.

2.     VRCI asserts that it is a Delaware corporation with places of business in Conshochocken, PA, Palm Springs, CA, and Yorba Linda, CA.

3.     VMI asserts that it is a Delaware corporation with places of business in Conshohocken, PA, Palm Springs, CA, and Yorba Linda, CA.

4.     Bird asserts that it is a California corporation with places of business in Conshochocken, PA, Palm Springs, CA, and Yorba Linda, CA.

5.     There is an actual and justiciable controversy between VersaMed and Plaintiffs with respect to infringement and validity of the '511 patent.

6.     This counterclaim is brought under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et. seq.*

7.     This Court has subject matter jurisdiction over this counterclaim, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391.

**COUNT I**
**Declaration of Non-Infringement of the '511 Patent**

8.     VersaMed has not infringed and does not infringe any claim of the '511 patent.

**COUNT II**
**Declaration of Invalidity of the '511 Patent**

9.     The '511 patent as asserted is invalid.

WHEREFORE, Defendant respectfully requests that this Court enter judgment:

a.     Dismissing the Complaint against VersaMed, with prejudice;

b.    Declaring that the '511 patent has not been and is not infringed by

VersaMed;

c.    Declaring that the '511 patent is invalid;

d.    Awarding VersaMed its reasonable attorneys' fees (35 U.S.C.

§ 285) and costs (Rule 54(d) Fed. R. Civ. P.); and

e.    Granting VersaMed such other further relief to which it may be

entitled.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Jack B. Blumenfeld (#1014)*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
PO. Box 1347
Wilmington, DE  19899
(302) 658-9200

*Attorneys For Defendant*
*VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch, Esq.
Andrew M. Ollis, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

September 26, 2006
538646

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on September 26, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Tiffany Geyer Lydon
> ASHBY & GEDDES

I also certify that copies were caused to be served on September 26, 2006 upon the following in the manner indicated:

### BY HAND

> Tiffany Geyer Lydon
> Ashby & Geddes
> 222 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE  19899

*/s/     Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld
jblumenfeld@mnat.com