IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC.,           )
VIASYS MANUFACTURING INC., and          )
BIRD PRODUCTS CORPORATION,              )
                                        )     C. A. No.  06-579 (JJF)
       Plaintiffs,                      )
                                        )
    v.                                   )
                                        )
VERSAMED  MEDICAL SYSTEMS, INC.,        )
                                        )
       Defendant.                       )

**<u>NOTICE OF SUBPOENA</u>**

PLEASE TAKE NOTICE that the following subpoenas attached as Exhibits 1-6

will be served:

1.       Subpoena directed to Thomas Whitelaw and Tyler, LLP;

2.       Subpoena directed to Stetina Brunda Garred & Brucker;

3.       Subpoena directed to Mundell Odlum & Haws, LLP;

4.       Subpoena directed to Medlen & Carroll, LLP;

5.       Subpoena directed to McDermott Will & Emery; and

6.       Subpoena directed to Fairbank & Vincent

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant
VersaMed Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

April 30, 2007
814397

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on April 30, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick
> Tiffany Geyer Lydon
> ASHBY & GEDDES

I further certify that I caused to be served copies of the foregoing document on April 30, 2007 upon the following in the manner indicated:

**BY E-MAIL and HAND**

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

**BY E-MAIL**

Jeffrey M. Olson
Sidley Austin, LLP
555 West Fifth Street
Los Angeles, CA  90013

*/s/ Karen Jacobs Louden*
_____
klouden@mnat.com

# EXHIBIT 1

Issued by the
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**VIASYS RESPIRATORY CARE INC.,**
**VIASYS MANUFACTURING INC., and**
**BIRD PRODUCTS CORPORATION,**
Plaintiffs,

**SUBPOENA IN A CIVIL CASE**

**PENDING IN U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**

v.                                    **CASE NUMBER:  06-579 (JJF)**

**VERSAMED MEDICAL SYSTEMS, INC.,**
Defendant.

TO:     **Thomas Whitelaw and Tyler, LLP**
        **18101 Von Karman Avenue, Suite 230**
        **Irvine, California 92612**

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below:  **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, California 90017 | May 14, 2007 -- 9:30 a.m. |

Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _[signature]_<br>Attorney for Defendants | 4/27/2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Eric W. Schweibenz<br>OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia  22314 Tel.: (703) 413-3000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### DEFINITIONS

1.      "Thomas", "you", and "your" means the firm of Thomas Whitelaw and Tyler, LLP, and all of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.      "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3.      "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4.      "Versamed" means Versamed Medical Systems, Inc. and its predecessors.

5.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

6.     The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

7.     "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

8.     "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

9.     The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10.    "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

11.    The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Thomas.

12.    "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers,

2

directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.     "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.     The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.     The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.     This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.     Documents are to be produced in the same form and manner in which they are kept in the normal course of business. The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3

3.    In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.    The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.    In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.    For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.    If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.    If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

4

11.     With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

12.     For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing.  For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

a)      the name and title of the person(s) who possessed or controlled the document or thing;

b)      a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

c)      the document's date or the thing's date of creation;

d)      the name and title of the author(s) or creator(s) of the document or thing;

e)      the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

f)      the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

5

    g)      the past and current location of all copies of the document or thing;

    h)      the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

    i)      the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

## REQUESTS

1.    All documents and things relating to or concerning the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.    All documents and things relating to or concerning the preparation and prosecution of the '511 Patent and the '133 Patent (and the applications from which they derived), including, without limitation, all prior art known to Thomas.

3.    All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

4.    All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

5.    All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

6.    All documents and things relating to or concerning the construction, meaning and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

7.    All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

8.    All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

9.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

10.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

11.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

12.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

13.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

7

14.    All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

15.    All documents and things relating to Plaintiffs' ventilators.

16.    All documents and things relating to or concerning the Tbird product.

17.    All documents and things relating to or concerning the Vela product.

18.    All documents and things relating to Pulmonetic's ventilators.

19.    All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes and/or Pulmonetic.

# EXHIBIT 2

Issued by the
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIASYS RESPIRATORY CARE INC.,**<br>**VIASYS MANUFACTURING INC., and**<br>**BIRD PRODUCTS CORPORATION,**<br>Plaintiffs, | **SUBPOENA IN A CIVIL CASE** |
| | **PENDING IN U.S. DISTRICT COURT**<br>**DISTRICT OF DELAWARE** |
| v. | **CASE NUMBER: 06-579 (JJF)** |
| **VERSAMED MEDICAL SYSTEMS, INC.,**<br>Defendant. | |

TO:    **Stetina Brunda Garred & Brucker**
       **75 Enterprise, Suite 250**
       **Aliso Viejo, California 92656**

☐    **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below: **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, California 90017 | May 14, 2007 -- 9:30 a.m. |

Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendants | 4/27/2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Eric W. Schweibenz<br>OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia 22314 Tel.: (703) 413-3000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS

1.      "Stetina", "you", and "your" means the firm of Stetina Brunda Garred & Brucker, and all of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.      "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3.      "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4.      "Versamed" or "Defendant" means Versamed Medical Systems, Inc. and its predecessors.

5.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

6. The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

7. "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

8. "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

9. The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10. "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

11. The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Stetina.

12. "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers,

2

directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.     "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.     The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.     The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

<u>INSTRUCTIONS</u>

1.     This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.     Documents are to be produced in the same form and manner in which they are kept in the normal course of business.  The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3

3.      In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.      A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.      The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.      In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.      For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.      If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.      If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

4

11.     With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

12.     For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing.  For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

  a)     the name and title of the person(s) who possessed or controlled the document or thing;

  b)     a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

  c)     the document's date or the thing's date of creation;

  d)     the name and title of the author(s) or creator(s) of the document or thing;

  e)     the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

  f)     the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g)   the past and current location of all copies of the document or thing;

h)   the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

i)   the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

## REQUESTS

1.   All documents and things relating to or concerning the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.   All documents and things relating to the preparation and prosecution of the '511 Patent and the '133 Patent (and the applications from which they derived), including, without limitation, all prior art known to Stetina during prosecution of these applications, whether submitted to the U.S. Patent & Trademark Office or not, and all documents embodying or containing information received from Plaintiffs, Pulmonetic, or the named inventors of the '511 Patent and the '133 Patent.

3.   All documents and things considered, relied upon, and/or used in the preparation and/or drafting of the applications for the '511 Patent and the '133 Patent.

4.   All documents and things relating to any models or prototypes embodying any disclosure or claim(s) of the '511 Patent or the '133 Patent.

5.   All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

6

6. All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

7. All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

8. All documents and things relating to or concerning the construction, meaning and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

9. All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

10. All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

11. All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

12. All documents and things relating to Plaintiffs' ventilators.

13. All documents and things relating to Pulmonetic's ventilators.

14. All documents and things relating to or concerning the Tbird product.

15. All documents and things relating to or concerning the Vela product.

16.     All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

17.     All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

18.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

19.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

20.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

21.     All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes, Pulmonetic, and/or Plaintiffs.

# EXHIBIT 3

Issued by the
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

VIASYS RESPIRATORY CARE INC.,
VIASYS MANUFACTURING INC., and
BIRD PRODUCTS CORPORATION,
        Plaintiffs,

**SUBPOENA IN A CIVIL CASE**

**PENDING IN U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**
**CASE NUMBER:  06-579 (JJF)**

        v.

VERSAMED MEDICAL SYSTEMS, INC.,
        Defendant.

TO:    **Mundell Odlum & Haws, LLP**
        **650 Hospitality Lane, Suite 470**
        **San Bernardino, California 92408-3595**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below: **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, California 90017 | May 14, 2007 -- 9:30 a.m. |

Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendants | 4/27/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia  22314 Tel.: (703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### DEFINITIONS

1.      "Mundell", "you", and "your" means the firm of Mundell Odlum & Haws, LLP,

and all of its predecessors, successors, present and former partners, investors, corporate parents,

affiliated companies or corporations, direct and indirect subsidiaries, officers, directors,

employees, agents, attorneys, servants, representatives, and all other persons acting or purporting

to act on its behalf.

2.      "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and

Bird Products Corporation and their present or former officers, directors, employees, attorneys,

agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint

ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting

to act on their behalf, or under their ownership or control, collectively or individually.

3.      "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers,

directors, employees, attorneys, agents, consultants, representatives, predecessors, successors,

parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person,

foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control,

collectively or individually.

4.      "Versamed" means Versamed Medical Systems, Inc. and its predecessors.

5.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag

Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign

counterparts.

6.    The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

7.    "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

8.    "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

9.    The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10.    "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

11.    The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Mundell.

12.    "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers,

directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.    "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.    The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.    The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

<u>INSTRUCTIONS</u>

1.    This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.    Documents are to be produced in the same form and manner in which they are kept in the normal course of business. The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3

3.     In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.     The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.     In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.     For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.     If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.     If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

4

11.    With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

12.    For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing.  For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

    a)    the name and title of the person(s) who possessed or controlled the document or thing;

    b)    a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

    c)    the document's date or the thing's date of creation;

    d)    the name and title of the author(s) or creator(s) of the document or thing;

    e)    the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

    f)    the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g)  the past and current location of all copies of the document or thing;

h)  the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

i)  the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

<u>REQUESTS</u>

1.  All documents and things relating to or concerning the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.  All documents and things relating to or concerning the preparation and prosecution of the '511 Patent and the '133 Patent (and the applications from which they derived), including, without limitation, all prior art known to Mundell.

3.  All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

4.  All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

5.  All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

6

6. All documents and things relating to or concerning the construction, meaning and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

7. All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

8. All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

9. All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

10. All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

11. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

12. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

13. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

7

14.     All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

15.     All documents and things relating to Plaintiffs' ventilators.

16.     All documents and things relating to or concerning the Tbird product.

17.     All documents and things relating to or concerning the Vela product.

18.     All documents and things relating to Pulmonetic's ventilators.

19.     All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes and/or Pulmonetic.

# EXHIBIT 4

Issued by the

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

VIASYS RESPIRATORY CARE INC.,
VIASYS MANUFACTURING INC., and
BIRD PRODUCTS CORPORATION,
               Plaintiffs,

                         **SUBPOENA IN A CIVIL CASE**

                         **PENDING IN U.S. DISTRICT COURT**
                           **DISTRICT OF DELAWARE**
              v.                 **CASE NUMBER: 06-579 (JJF)**

VERSAMED MEDICAL SYSTEMS, INC.,
               Defendant.

**TO:**    **Medlen & Carroll, LLP**
         **101 Howard Street, Suite 350**
         **San Francisco, California 94105**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below: **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
| --- | --- |
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>121 Spear Street, Suite 200<br>San Francisco, California 94105-1582 | May 14, 2007 -- 9:30 a.m. |

Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
| --- | --- |
| Attorney for Defendants | 4/27/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314 Tel.: (703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

DEFINITIONS

1.      "Medlen", "you", and "your" means the firm of Medlen & Carroll, LLP, and all of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.      "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3.      "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4.      "Versamed" means Versamed Medical Systems, Inc. and its predecessors.

5.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

6.      The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

7.    "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

8.    "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

9.    The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10.    "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

11.    The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Medlen.

12.    "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers, directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.    "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.    The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.    The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

<u>INSTRUCTIONS</u>

1.    This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.    Documents are to be produced in the same form and manner in which they are kept in the normal course of business.  The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3.    In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

3

4.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.      A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.      The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.      In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.      For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.      If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.      If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

11.      With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive

4

to these requests that has been destroyed, provide the information enumerated in the following

paragraph, and state the name(s), current position(s), and means for contacting the person(s)

responsible for the document's destruction.

     12.    For any document or thing responsive to any request set forth below that you seek

to withhold under a claim of privilege, you shall redact the information being withheld for

privilege and indicate the location of the redacted information on the produced document or

thing.  For each document, thing, or part of any document or thing withheld under a claim of

privilege or for any other reason, you shall state:

       a)    the name and title of the person(s) who possessed or controlled the

           document or thing;

       b)    a brief description of the nature and subject matter of the document or

           thing, including the title and type of document (*i.e.*, whether it is a letter,

           memorandum, drawing, etc.) or thing;

       c)    the document's date or the thing's date of creation;

       d)    the name and title of the author(s) or creator(s) of the document or thing;

       e)    the name and title of the sender(s) of the document or thing if different

           from the author(s) or creator(s);

       f)    the name and title of the person(s) to whom the document is addressed or

           to whom the thing has been provided, including all person(s) who received

           copies, photographs, or other representations of the document or thing;

       g)    the past and current location of all copies of the document or thing;

       h)    the request or subpart to which the document, withheld information, or

           thing is otherwise responsive; and

         i)        the type of privilege claimed (attorney-client communications, attorney

work product) and the factual and legal basis supporting the claim of

privilege.

REQUESTS

1.      All documents and things relating to or concerning the '511 Patent, the '133

Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.      All documents and things relating to or concerning the preparation and

prosecution of the '511 Patent and the '133 Patent (and the applications from which they

derived), including, without limitation, all prior art known to Medlen.

3.      All documents and things relating to or concerning the conception, design,

development, manufacture and first reduction to practice of any subject matter shown, described

or claimed in the '511 Patent and the '133 Patent.

4.      All documents and things, identifying, relating to or concerning any person other

than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or

collaborated with the named inventors with respect to any subject matter shown, described or

claimed in the '511 Patent and the '133 Patent.

5.      All documents and things relating to or concerning any comparison between any

prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any

Related Patents and any Related Patent Applications.

6.      All documents and things relating to or concerning the construction, meaning

and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133

Patent, any Related Patents and any Related Patent Applications.

6

7.    All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

8.    All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

9.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

10.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

11.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

12.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

13.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

14.    All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

15.    All documents and things relating to Plaintiffs' ventilators.

7

16.     All documents and things relating to or concerning the Tbird product.

17.     All documents and things relating to or concerning the Vela product.

18.     All documents and things relating to Pulmonetic's ventilators.

19.     All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes and/or Pulmonetic.

# EXHIBIT 5

Issued by the
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**VIASYS RESPIRATORY CARE INC.,**
**VIASYS MANUFACTURING INC., and**
**BIRD PRODUCTS CORPORATION,**
                    Plaintiffs,                                **SUBPOENA IN A CIVIL CASE**

                                                    **PENDING IN U.S. DISTRICT COURT**
                                                    **DISTRICT OF DELAWARE**
                    v.                              **CASE NUMBER:  06-579 (JJF)**

**VERSAMED MEDICAL SYSTEMS, INC.,**
                    Defendant.

**TO:**    **McDermott Will & Emery**
           **18191 Von Karman Avenue, Suite 500**
           **Irvine, California 92612-7108**

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or
objects at the place, date and time specified below:  **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, California 90017 | May 14, 2007 -- 9:30 a.m. |

       Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate
one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set
forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure,
30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants | 4/27/2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Eric W. Schweibenz<br>OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia  22314 Tel.: (703) 413-3000 |

**(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)**

AO88  (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

DEFINITIONS

1.    "McDermott", "you", and "your" means the firm of McDermott Will & Emery, and all of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.    "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3.    "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4.    "Versamed" means Versamed Medical Systems, Inc. and its predecessors.

5.    The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

6.    The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag
Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign
counterparts.

7.    "Related Patent" or "Related Patents" means any and all patents, including any
parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart
patent, related to the '511 Patent or the '133 Patent.

8.    "Related Patent Application" or "Related Applications" means any and all
applications for any continuation, continuation-in-part, divisional, reissue, and any request for
reexamination or request for certificate of correction, related to the '511 Patent or the '133
Patent.

9.    The term "foreign counterpart" or "foreign counterparts" refers to any and all non-
U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any
non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the
'511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10.    "Document" shall be defined to the broadest extent possible permitted by Fed. R.
Civ. P. 34(a)(1).

11.    The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P.,
including every kind of physical specimen or tangible item, other than a document, in the
possession, custody or control of McDermott.

12.    "Person" means, without limitation, any natural person or individual, juristic person
or business entity such as an association, business organization, partnership, corporation,
governmental organization, or formal or informal group or subdivision thereof, and its officers,

2

directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.    "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.    The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.    The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

<u>INSTRUCTIONS</u>

1.    This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.    Documents are to be produced in the same form and manner in which they are kept in the normal course of business.  The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3

3.     In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.     The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.     In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.     For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.     If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.     If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

4

11.    With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph. For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

12.    For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing. For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

   a)    the name and title of the person(s) who possessed or controlled the document or thing;

   b)    a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

   c)    the document's date or the thing's date of creation;

   d)    the name and title of the author(s) or creator(s) of the document or thing;

   e)    the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

   f)    the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g)    the past and current location of all copies of the document or thing;

h)    the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

i)    the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

## REQUESTS

1.    All documents and things relating to or concerning the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.    All documents and things relating to or concerning the preparation and prosecution of the '511 Patent and the '133 Patent (and the applications from which they derived), including, without limitation, all prior art known to McDermott.

3.    All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

4.    All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent and the '133 Patent.

5.    All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

6.    All documents and things relating to or concerning the construction, meaning and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

7.    All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

8.    All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

9.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

10.    All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

11.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

12.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

13.    All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

7

14. All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

15. All documents and things relating to Plaintiffs' ventilators.

16. All documents and things relating to or concerning the Tbird product.

17. All documents and things relating to or concerning the Vela product.

18. All documents and things relating to Pulmonetic's ventilators.

19. All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes and/or Pulmonetic.

# EXHIBIT 6

Issued by the
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**VIASYS RESPIRATORY CARE INC.,**
**VIASYS MANUFACTURING INC., and**
**BIRD PRODUCTS CORPORATION,**
                        Plaintiffs,                             **SUBPOENA IN A CIVIL CASE**

                                                                **PENDING IN U.S. DISTRICT COURT**
                                                                        **DISTRICT OF DELAWARE**
                            v.                                  **CASE NUMBER:  06-579 (JJF)**

**VERSAMED MEDICAL SYSTEMS, INC.,**
                        Defendant.

**TO:**     **Fairbank & Vincent**
            **11755 Wilshire Boulevard, Suite 2320**
            **Los Angeles, California 90025**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below:  **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, California 90017 | May 14, 2007 -- 9:30 a.m. |

    Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Defendants | 4/27/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia  22314 Tel.: (703) 413-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### DEFINITIONS

1.      "Fairbank", "you", and "your" means the firm of Fairbank & Vincent, and all of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.      "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3.      "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4.      "Versamed" means Versamed Medical Systems, Inc. and its predecessors.

5.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

6.      The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

7.      "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

8.      "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

9.      The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

10.     "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

11.     The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Fairbank.

12.     "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers, directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

13.     "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

14.    The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

15.    The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.    This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.    Documents are to be produced in the same form and manner in which they are kept in the normal course of business.  The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3.    In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

3

4.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.     A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.     The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.     In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.     For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.     If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

10.     If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

11.     With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive

4

to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

12.    For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing. For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

a)    the name and title of the person(s) who possessed or controlled the document or thing;

b)    a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

c)    the document's date or the thing's date of creation;

d)    the name and title of the author(s) or creator(s) of the document or thing;

e)    the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

f)    the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g)    the past and current location of all copies of the document or thing;

h)    the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

5

i)      the type of privilege claimed (attorney-client communications, attorney

work product) and the factual and legal basis supporting the claim of

privilege.

## REQUESTS

1.      All documents and things relating to or concerning the '511 Patent, the '133

Patent, any Related Patents, any Related Patent Applications, and any foreign counterparts.

2.      All documents and things relating to or concerning the preparation and

prosecution of the '511 Patent and the '133 Patent (and the applications from which they

derived), including, without limitation, all prior art known to Fairbank.

3.      All documents and things relating to or concerning the conception, design,

development, manufacture and first reduction to practice of any subject matter shown, described

or claimed in the '511 Patent and the '133 Patent.

4.      All documents and things, identifying, relating to or concerning any person other

than the named inventors on the '511 Patent and the '133 Patent who worked, consulted or

collaborated with the named inventors with respect to any subject matter shown, described or

claimed in the '511 Patent and the '133 Patent.

5.      All documents and things relating to or concerning any comparison between any

prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any

Related Patents and any Related Patent Applications.

6.      All documents and things relating to or concerning the construction, meaning

and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, the '133

Patent, any Related Patents and any Related Patent Applications.

6

7.      All documents and things concerning any product covered by any claim(s) of the '511 Patent, the '133 Patent, any Related Patents, and any Related Patent Applications.

8.      All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patents, any Related Patent Applications, or any foreign counterparts relating thereto.

9.      All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

10.     All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

11.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

12.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

13.     All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

14.     All documents and things relating to Versamed, including, without limitation, the iVent201 and SmartVent 201.

15.     All documents and things relating to Plaintiffs' ventilators.

7

16.    All documents and things relating to or concerning the Tbird product.

17.    All documents and things relating to or concerning the Vela product.

18.    All documents and things relating to Pulmonetic's ventilators.

19.    All documents and things regarding ventilators, including, without limitation, all documents and things received from Douglas F. DeVries, Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes and/or Pulmonetic.