IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 06-579 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

Whereas, the parties recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case.

It is hereby ORDERED that the following Protective Order be entered:

1.  This Protective Order shall govern the handling of any information produced or disclosed by any party or non-party (the "Producing Party") in this action to any other party (the "Receiving Party") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action (all such information shall hereinafter be referred to as "Discovery Material").

2. All Discovery Material designated in the course of this litigation as "Confidential" or "Confidential – Attorney's Eyes Only," as these terms are defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

### DEFINITIONS

3. "Confidential" shall refer to Discovery Material that contains trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information. "Confidential – Attorney's Eyes Only" shall refer to Discovery Material that contain or are of a highly proprietary or competitively sensitive business or technical nature. Such information shall only be disclosed to Qualified Persons designated according to Paragraph 4 below. Materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall herein be referred to as "Confidential Material." Confidential Material shall not include any Discovery Material that the Receiving Party demonstrates:

    a. is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

    b. becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

c.  the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

4.  With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

a.  Members and employees of the firm or firms of counsel of record. The current counsel of record are listed below:

Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia 22314

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899

Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

b.  Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

c.  The following three current officers or employees of Viasys: Matthew M. Bennett, Nicole Bednar, and another individual to be named at a later date; and the following

three current officers or employees of Versamed: Jerry Korten, Kevin Plihal and another individual to be named at a later date;

   d.  Independent experts and independent consultants (including jury consultants) and their staffs who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. As a condition precedent to disclosure of Confidential Material to any such person, he or she must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby and execute a declaration acknowledging the foregoing, in the form annexed hereto as Exhibit A; agree to use the Confidential Material solely for this litigation and not to disclose any Confidential Material to any other person, firm, or concern in violation of this Protective Order; and agree never to use any Confidential Material, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. For each independent expert and independent consultant who executes a declaration, counsel who retained the independent expert or consultant shall forward by facsimile or email a copy of the executed declaration to counsel for the other parties at least seven (7) days prior to the proposed disclosure of Confidential Material. If any party objects to the proposed disclosure to the expert within seven (7) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose Confidential Material to the expert shall make an appropriate motion. The burden shall be on the objecting party to show the Court why the disclosure should not be made.

   e.  Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person;

   f. Service contractors, including but not limited to document copy services and graphics consultants, who have signed a statement in the form attached as Exhibit A hereto; and

   g. Any other person agreed to by all parties in writing who has signed a statement in the form attached as Exhibit A hereto.

With respect to Discovery Materials designated "Confidential – Attorney's Eyes Only," "Qualified Persons" shall mean those persons under Paragraph 4(a) (as further limited herein), (b), (d), (e), (f) and (g). Any person under Paragraph 4(a) who receives any document or information designated as "Confidential – Attorney's Eyes Only" shall not thereafter substantively participate in the prosecution or preparation of any patent application relating to the structure and operation of a ventilator, whether foreign or domestic, on behalf of any party to this action (or any entity in privity with such party).

### DESIGNATION AS "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

5. The designation as "Confidential" or "Confidential – Attorney's Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

   a. In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Confidential – Attorney's Eyes Only" to each page containing confidential information.

   b. In the case of depositions or other pretrial or trial testimony ("Transcripts"), by indicating on the record at the deposition or hearing that the testimony is "Confidential" or "Confidential – Attorney's Eyes Only" and is subject to the provision of this Order. Thereafter, the non-designating party may request, in writing, that the designating party identify which specific pages and lines contain "Confidential" or "Confidential – Attorney's

Eyes Only" information. The designating party then has thirty (30) days to identify which portions of the transcript are designated as "Confidential" or "Confidential – Attorney's Eyes Only."

Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Confidential – Attorney's Eyes Only" as the case may be. Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive Confidential Material may attend a deposition at which Confidential Material may be disclosed. The designating party shall have the right to exclude such persons from the deposition only during the period any Confidential Material is disclosed or discussed.

6.  To the extent that Confidential Material or information obtained therefrom is used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Material.

7.  The recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access, to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall

be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

### CHALLENGES TO DESIGNATIONS

8.  At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Confidential – Attorney's Eyes Only," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment, or afforded a lesser degree of confidential designation, and the reasons supporting the challenging party's claim. After such notice is made, the parties shall confer and in good faith attempt to resolve their differences. If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel. The party seeking a designation as "Confidential" or "Confidential – Attorney's Eyes Only" shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure and to such designation. The party asserting that the information is not confidential because of the reasons listed in Paragraph 3 shall have the burden of making a prima facie showing in support of its position. All Discovery Materials and Transcripts that a party designates as "Confidential" or "Confidential – Attorney's Eyes Only" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

## FILING UNDER SEAL

9. All documents of any nature, including briefs, which contain information that contains Confidential Material, which are filed with the Court, shall be filed under seal in accordance with the Delaware Local Rules.

## INADVERTENT PRODUCTION AND DISCLOSURE

10. A Producing Party that inadvertently produces Discovery Material without designation as "Confidential" or "Confidential – Attorney's Eyes Only" may retroactively designate the Discovery Material as "Confidential" or "Confidential – Attorney's Eyes Only" by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by production number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced with or without the incorrect designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 13, below.

11. If a party fails to designate Transcripts as "Confidential" or "Confidential – Attorney's Eyes Only" at the time of the deposition or hearing in accordance with paragraph 5 above, the party may make such a designation later at any time by providing notice in writing.

The Receiving Party shall treat the designated Transcript as Confidential Material from the time it receives notification of the designation going forward.

12. The inadvertent or unintentional production of Discovery Material protected by attorney-client privilege and/or work product shall not constitute a waiver of the privilege. If a party inadvertently or unintentionally produces privileged Discovery Material, it shall notify each party who received the Discovery Material, and each receiving party shall return the Discovery Material and all copies to the producing party within ten (10) business days. A party may, however, keep one copy of the Discovery Material if within ten (10) business days of receipt of that Discovery Material it files a motion challenging the designation of that document as privileged. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made.

13. In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

## RETURN OF CONFIDENTIAL MATERIAL AFTER TERMINATION

14. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

15. Within ninety (90) days after the latter of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiffs and their counsel shall return to Defendant or its counsel all Confidential Material provided by Defendant and all copies thereof, and the Defendant and its counsel shall return to Plaintiffs or their counsel all Confidential Material provided by Plaintiffs and all copies thereof. Alternatively, the parties and their respective counsel may certify in writing that such documents have been destroyed. Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel of record's work product.

## OTHER PROCEEDINGS

16. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that

information should be disclosed. Further, if any party believes that it is required to disclose Confidential Material to comply with any law or regulation, that party shall provide the Producing Party with 10 days notice (or as much notice as possible if the party must disclose in less than 10 days) so that the Producing Party may have an opportunity to object.

## GENERAL ADVICE AND DISCLOSURE BY COUNSEL

17. This Protective Order shall not bar any attorney for the parties from rendering advice to his or her client with respect to this action.

18. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

## DUTY TO COMPLY WITH PROTECTIVE ORDER

19. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

20. Nothing in this Protective Order shall limit or restrict a party with respect to disclosure or handling of its own Confidential Material.

21. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

22. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order.

Date: May 1, 2007

_____
Honorable Joseph J. Farnan Jr.,
United States District Court

AGREED TO AS TO FORM AND CONTENT:

*Counsel for Plaintiffs*

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114 )
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Jeffrey M. Olson
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

180006.1

*Counsel for Defendant*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>) C.A. No. 06-579 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    I hereby certify that I have read the Protective Order entered in the United States District Court for the District of Delaware on _____, 2007, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the District of Delaware for all purposes relating to the enforcement of the Order.

    As soon as practical, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel of record who provided me with such material, all materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Material that was provided me.

Dated:_____

_____
Signature

_____
Type or Print Name of Individual

_____
Residence Address

_____
Business Address

_____
Employer

_____
Title/Job Description