IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC., | ) | |
| VIASYS MANUFACTURING INC., and | ) | |
| BIRD PRODUCTS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-579 (JJF) |
| | ) | |
| VERSAMED  MEDICAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
PLAINTIFFS TO PROVIDE THEIR INFRINGEMENT
CONTENTIONS IN RESPONSE TO DEFENDANT'S INTERROGATORY NO. 1**

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys For Defendant
  VersaMed Medical Systems, Inc.

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

May 4, 2007

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS .................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS .................................................1

SUMMARY OF ARGUMENT .........................................................................2

STATEMENT OF FACTS ...............................................................................2

ARGUMENT ....................................................................................................3

I.  ASSUMING VIASYS COMPLIED WITH ITS RULE 11 OBLIGATIONS,
    IT SHOULD BE ABLE TO PROVIDE THE PRESENT BASIS FOR
    ITS INFRINGEMENT CONTENTIONS.......................................................3

II. VIASYS SHOULD BE REQUIRED TO ANSWER INTERROGATORY NO. 1
    FOR ALL CLAIMS FOR ALL VERSAMED PRODUCTS IT HAS ACCUSED
    OF INFRINGEMENT ...................................................................................5

CONCLUSION...................................................................................................6

ii.

<u>TABLE OF CITATIONS</u>

<u>Page(s)</u>

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)..........................................................................................4, 5

*View Eng'g, Inc. v. Robotic Vision Sys.*, Inc.,
   208 F.3d 981 (Fed. Cir. 2000)............................................................................................4, 5

*Metro One Telecommunications, Inc. v. Infonxx, Inc.*,
   C.A. No. 99-510 (SLR) (D. Del. Feb. 4, 2000) ...................................................................4

*New York Univ. v. E.piphany, Inc.*,
   No. 05 – 1929, 2006 U.S. Dist. LEXIS 9157 (S.D.N.Y. Mar. 6, 2006) ............................4

*Osram Sylvania, Inc. v. Durel Corp.*,
   C.A. No. 00-501 (GMS) (D. Del. Feb. 13, 2001) ...............................................................4

Defendant Versamed Medical Systems, Inc. ("Versamed" or "Defendant") respectfully moves for an Order to compel Plaintiffs Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation (collectively "Viasys" or "Plaintiffs") to fully and completely respond to Defendant's Interrogatory No. 1 seeking Viasys' infringement contentions.

<u>NATURE AND STAGE OF PROCEEDINGS</u>

Viasys filed this action on September 15, 2006, accusing Versamed of infringing U.S. Patent No. 6,877,511 (the "'511 patent"). Discovery is currently ongoing.

On April 26, 2007, Viasys served its responses to Versamed's first set of interrogatories, including Interrogatory No. 1, which seeks the basis for Viasys' infringement contentions on a limitation-by-limitation basis. Viasys provided no substantive response to Interrogatory No. 1, other than to identify four Versamed ventilator products that it alleges "infringe directly or indirectly, literally or under the doctrine of equivalents, each and every claim of the '511 patent." Exh. 3. The parties met and conferred on May 2 and 4, 2007, and were able to reach certain agreements. They fundamentally disagreed, however, as to whether Viasys' response to Interrogatory No. 1 satisfied Viasys' obligations under the Federal Rules. In particular, Viasys argued that it has no obligation to provide infringement contentions before an initial exchange of documents is completed.

Because the parties could not reach agreement, Versamed has filed a motion to compel Viasys to fully respond to Interrogatory No. 1. The Court should order Viasys to fully respond to this interrogatory by providing a limitation-by-limitation

comparison between each claim and each accused product and identifying all evidence supporting its assertions.

## SUMMARY OF ARGUMENT

1.  Viasys should be compelled to provide its infringement contentions because, pursuant to its Rule 11 obligations, Viasys must have interpreted the limitations of at least one claim, and applied that claim to at least one Versamed product, over seven months ago before it filed this suit.

2.  In its response to Interrogatory No. 1, Viasys alleges that at least four Versamed ventilators infringe "each and every claim of the '511 patent." Because Viasys must have had some basis for making this assertion in its sworn interrogatory responses, it should be required to provide the basis for those contentions, including a limitation-by-limitation explanation comparing the four accused products to the claims and the identity of all evidence that currently supports those assertions. The Court should grant the motion to compel and require Viasys to provide a complete response to Interrogatory No. 1.

## STATEMENT OF FACTS

1.  On March 23, 2007, Versamed served Interrogatory No. 1 on Viasys seeking its infringement contentions. Interrogatory No. 1 requests in full:

> Identify each Versamed product, device, apparatus or system that Plaintiffs contend infringes any claim(s) of the '511 Patent and, for each such product, device, apparatus or system, identify with particularity each claim(s) allegedly infringed, the manner in which aspects or elements of the product, device, apparatus or system allegedly infringe literally or under the doctrine of equivalents; state the factual basis for each such contention, including, but not limited to, a limitation-by-limitation explanation of how the accused product meets each and every limitation, along

with identification of all evidence, if any, upon which
Plaintiffs rely or intend to rely to support each contention;
and identify all documents referring or relating thereto.

2. Viasys served its response to this interrogatory on April 26, 2007. That response failed to [1] identify "the manner in which [Versamed's products] infringe literally or under the doctrine of equivalents; [2] state the factual basis for each such contention, including, but not limited to, a limitation-by-limitation explanation of how the accused product meets each and every limitation; [and 3] identif[y] all evidence" supporting its assertions. Exh. 3. Instead, the entirety of Viasys' response, other than its lengthy objections, was that "[four Versamed ventilator] models infringe directly or indirectly, literally or under the doctrine of equivalents, each and every claim of the '511 patent." *Id.*

3. Viasys has argued that that it need not supplement its response before the parties complete their initial exchange of documents in this case, notwithstanding that it must have had some basis to file this suit in the first instance. Exh. 2.

ARGUMENT

I.    ASSUMING VIASYS COMPLIED WITH ITS RULE 11 OBLIGATIONS, IT SHOULD BE ABLE TO PROVIDE THE PRESENT BASIS FOR ITS INFRINGEMENT CONTENTIONS.

Viasys has refused to supplement its responses to Interrogatory No. 1 until after the parties have completed their initial document production.[1]  Viasys should be

---

[1]  During the May 4 meet-and-confer telephone conference, Viasys proposed supplementing its answer to Interrogatory No. 1 by June 8. But Viasys also informed Versamed in that call that it plans to notice a Rule 30(b)(6) deposition for May 21 (Viasys did state that it would be willing to reschedule the deposition until early June, if necessary) covering the topics listed in Viasys' interrogatories it served on Versamed. Those interrogatories include Versamed's claim construction, Versamed's non-infringement contentions, and

(continued . . .)

required to provide its infringement contentions because, under Rule 11, it must have determined over seven months ago when it filed this suit that at least one Versamed product infringes at least one claim of the '511 patent.

The Federal Circuit has explained that, at a "bare minimum," before a party may file a patent infringement lawsuit, it must first have found that every limitation of at least one claim is found in the accused product.  *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000).  Thus, "[Rule 11] requires that a plaintiff compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products."  *New York Univ. v. E.piphany, Inc.*, No. 05 – 1929, 2006 U.S. Dist. LEXIS 9157, at *5 (S.D.N.Y. Mar. 6, 2006) (internal quotation omitted).  Accordingly, before filing this suit, Viasys had to first construe each limitation of at least one claim and then find that at least one Versamed product infringed each and every limitation of that claim.  *See, e.g.*, *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004).

For this reason, this Court has required litigants to provide early responses to contention interrogatories.  *Metro One Telecommunications, Inc. v. Infoxx, Inc.*, C.A. No. 99-510 (SLR) (D. Del. Feb. 4, 2000) (Exh. 4) (ordering parties to respond to contention interrogatories even though "responses made early in discovery may change over time"); *Osram Sylvania, Inc. v. Durel Corp.*, C.A. No. 00-501 (GMS) (D. Del. Feb. 13, 2001) (Tr. at 28-32) (Exh. 5) (ordering plaintiff to respond to contention interrogatories given that it must have had some basis to file suit).

---

(. . . continued)

Versamed's invalidity contentions.  Thus, under the schedule that Viasys has proposed, Versamed must disclose virtually all of its defenses without being informed of the basis for Viasys' lawsuit.

There is, therefore, no basis whatsoever for Viasys' refusal to provide infringement contentions for at least one claim at this time.  To comply with its Rule 11 obligations, Viasys **must** have known, before filing this lawsuit over seven months ago: 1) the manner in which at least one Versamed product infringes at least one asserted claim; 2) the factual basis for the infringement (which must include a limitation-by-limitation comparison between the construed claim and the accused product), and 3) the identity of all evidence that supports its infringement contentions.  Thus, Viasys should be able to provide this information even before document production occurs.

Moreover, the Federal Circuit has explicitly held that "in bringing a claim of infringement, the patent holder . . .  must be prepared to demonstrate to . . . the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement."  *View Eng'g*, 208 F.3d at 986.  Thus, the Federal Circuit has held that Versamed is entitled to the exact information Interrogatory No. 1 requests.  The Court should grant the motion to compel.

II.    VIASYS SHOULD BE REQUIRED TO ANSWER INTERROGATORY NO. 1 FOR ALL CLAIMS FOR ALL VERSAMED PRODUCTS IT HAS ACCUSED OF INFRINGEMENT.

In its response to Interrogatory No. 1, Viasys accused at least four Versamed ventilators of infringing "each and every asserted claim of the '511 patent." But the only proper way to decide whether a product or method infringes a patent claim is to first construe the limitations of the claim and then apply each limitation to the accused product or method to determine whether it meets each and every limitation either directly or under the doctrine of equivalents.  *See, e.g.*, *Dynacore,* 363 F.3d at 1273. Accordingly, for Viasys to swear under oath that the four accused products infringe each

claim,[2] it **must** have construed the claim limitations of the 14 claims in the '511 patent, and it **must** have applied every one of those claim limitations, on a limitation-by-limitation basis, to **each** of the four accused products. Thus, Viasys has no reason to refuse to answer this interrogatory prior to reviewing Versamed's documents.

In particular, it is improper for Viasys to only answer which products it alleges infringes, while refusing to provide any of the requested factual bases to support its conclusory allegation. Rule 37 simply does not allow Viasys to put forth such an incomplete answer. Fed. R. Civ. P. 37(a)(3). Simply put, because Viasys alleged under oath that Versamed's four products infringe every claim, **it must already know** the "manner in which the Versamed products infringe," how it construed the claims and how each of the four Versamed "accused products meets each and every limitation," and what evidence supports its assertions. Viasys should be required to provide this information, which should already be in its possession.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to compel and order Viasys to immediately supplement its response to Interrogatory No. 1 by providing for each claim, the manner in which each accused Versamed product allegedly infringes that claim, a limitation-by-limitation comparison between each claim and each accused product, and all evidence in support of its infringement contentions.

---

[2]    Interrogatory answers must be filed under oath. Fed. R. Civ. P. 33(b)(1). Viasys, however, has yet to provide such a sworn statement. Exh. 1. Nevertheless, Viasys has promised that a sworn statement is forthcoming.

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 n. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for defendant*
*Versamed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

May 4, 2007
820320

<u>CERTIFICATE OF SERVICE</u>

I, Jack B. Blumenfeld, hereby certify that on May 4, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Tiffany Geyer Lydon
ASHBY & GEDDES

I also certify that copies were caused to be served on May 4, 2007 upon the following in the manner indicated:

**<u>BY HAND</u>**

Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

**<u>BY E-MAIL</u>**

Jeffrey M. Olson
Sidley Austin LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA  90013

*/s/ Karen Jacobs Louden (#2881)*
klouden@mnat.com

EXHIBIT 1

**OBLON**

**SPIVAK**

**MCCLELLAND**

**MAIER**
&
**NEUSTADT**

P.C.

ATTORNEYS AT LAW

ERIC W. SCHWEIBENZ
(703) 413-3000
ESCHWEIBENZ@OBLON.COM

April 27, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

    *Re:*   *Viasys Respiratory Care Inc. et al. v. VersaMed Med. Sys., Inc.*
       *C.A. NO. 06-579-JJF*

Dear Jeff:

    We are writing to address the fact that Plaintiffs' responses to VersaMed's first set of discovery requests do not comply with the Federal Rules of Civil Procedure.

    By way of example, Plaintiffs' response to VersaMed's Interrogatory No. 1 fails to provide, *inter alia*, the requested limitation-by-limitation explanation of how the accused ventilators meet each and every claim limitation. Also, Plaintiffs' deficient response to VersaMed's Interrogatory No. 6 states only that "Versamed has been willfully infringing the '511 patent since at least the date it received a copy of the complaint in this case…" Plaintiffs have not provided any information supporting any factual or legal bases for the assertion of any claims of the '511 Patent against VersaMed's ventilators. Fed. R. Civ. P. 11 requires that there be a reasonable basis for Plaintiffs' allegations of infringement and willful infringement against VersaMed, and that Plaintiff conducted a pre-filing assessment of the basis for the assertion of each claim allegedly infringed. *See View Engineering, Inc. v. Robotic Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (recognizing that "[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement"). The Federal Circuit has emphasized that the very purpose of Rule 11 is to prevent a party from having to defend against baseless allegations of infringement and being subjected to unwarranted litigation costs. *See View Engineering*, 208 F.3d at 986.

    In view of the above, VersaMed has serious concerns regarding Plaintiffs' assertion of any claims of the '511 Patent. We thus request that Plaintiffs immediately supplement their responses to VersaMed's Interrogatories Nos. 1 and 6 to comply with their obligations under the Federal Rules of Civil Procedure.

    Please also advise as to when Plaintiffs intend to provide VersaMed with an executed verification of its responses as required by Fed. R. Civ. P. 33.

Jeffrey M. Olson, Esq.
SIDLEY AUSTIN LLP
April 27, 2007
Page -2-

| OBLON |
| SPIVAK |
| McCLELLAND |
| MAIER & NEUSTADT |
| P.C. |

Further, Plaintiffs' flat refusal to produce any documents in response to more than half of VersaMed's document requests is extraordinary. Please confirm that Plaintiffs intend to stand on their objections for each VersaMed document request where Plaintiffs have refused to produce any documents and things (Requests Nos. 7, 8, 15 – 23, 25, 30, 31, 34, 37 – 49, 51, 52, and 55 – 57). Please also confirm that Plaintiffs will not be producing any additional documents for each VersaMed document request where Plaintiffs have stated that responsive documents have already been produced (Requests Nos. 6, 11, 28, 29, and 60).

VersaMed reserves its right to challenge objections and responses in addition to the ones specifically addressed above, as this letter is not intended to be an exhaustive list of the deficiencies in Plaintiffs' discovery responses. If Plaintiffs stand on their objections to VersaMed's document requests and/or refuse to supplement their responses to Interrogatories Nos. 1 and 6, Versamed will have no choice but to seek relief from the court.

Please let us know your availability for a meet-and-confer telephone conference on Monday (April 30).

We look forward to your prompt response to the issues raised in this letter.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Eric W. Schweibenz

EWS/hs

cc:    Steven J. Balick, Esq. (via electronic mail)
        Jack B. Blumenfeld, Esq. (via electronic mail)

EXHIBIT 2

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

May 3, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

ATTORNEYS AT LAW
ERIC W. SCHWEIBENZ
(703) 413-3000
ESCHWEIBENZ@OBLON.COM

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

      *Re:*    *Viasys Respiratory Care Inc. et al. v. VersaMed Med. Sys., Inc.*
              *C.A. NO. 06-579-JJF*

Dear Matt:

      This confirms our telephone conference conducted yesterday at our request concerning certain outstanding discovery issues.

      1.    **Plaintiffs' Discovery Responses**

      We reiterated our request that Plaintiffs immediately supplement their response to VersaMed's Interrogatory No. 1 to provide the factual bases for Plaintiffs' infringement allegations, including the requested limitation-by-limitation explanation of how VersaMed's accused ventilators meet each and every claim limitation. You indicated that Plaintiffs are not required to provide VersaMed with such information at this time and at least not until after fact discovery has further progressed (e.g., after the parties complete their initial document productions). We explained that under Fed. R. Civ. P. 11, prior to filing suit, Plaintiffs should have possessed information showing that at least one VersaMed product met each and every limitation of at least one claim of the '511 patent. Thus, there is no legitimate excuse for any delay in responding to VersaMed's Interrogatory No. 1 with at least the information currently within Plaintiffs' possession, custody and control. In addition, because Plaintiffs contend in their response to this interrogatory that VersaMed infringes each and every claim of the '511 patent, under Fed. R. Civ. P. 37, Plaintiffs must provide the factual basis for that assertion, which includes a limitation-by-limitation analysis for each claim in view of the accused ventilators. Although the parties are at an impasse on this issue, we agreed to participate in further discussions tomorrow before seeking the assistance of the Court.

      You confirmed that Plaintiffs' willful infringement allegations are currently limited to after the date the Complaint was served.

      You agreed to immediately supplement Plaintiffs' responses to VersaMed document requests nos. 6, 7, 8, 11, 15 - 23, 25, 28 - 31, 34, 37 - 49, 51, 52, 55 - 57 and 60 to indicate that

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
May 3, 2007
Page -2-

OBLON
SPIVAK
MCCLELLAND
MAIER
&
NEUSTADT
P.C.

Plaintiffs will produce all responsive documents to the extent that they exist and are not privileged.

### 2.     VersaMed's Discovery Responses

We agreed to supplement VersaMed's responses to Plaintiffs' Interrogatories Nos. 1, 3, and 4.

We agreed to consider Plaintiffs' complaint with respect to VersaMed's response to Interrogatory No. 5.

We confirmed that VersaMed will not provide supplemental responses to Plaintiffs' Interrogatories Nos. 6 – 9 at least until after Plaintiffs inform VersaMed of their claim interpretation for each limitation of any asserted claim and the factual bases, if any, for alleging that VersaMed infringes any such claim.

With respect to VersaMed's response to Plaintiffs' Interrogatory No. 15, you agreed to consider our proposal that we supplement this response after we supplement our responses to Plaintiffs' Interrogatories Nos. 6 – 9.

We agreed to consider Plaintiffs' request that we remove the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation on VersaMed's response to Plaintiffs' Interrogatory No. 7.

We agreed that VersaMed's responses to Plaintiffs' Interrogatories Nos. 12 and 13 will be supplemented after the parties have completed additional fact discovery and Plaintiffs supplement their response to VersaMed's Interrogatory No. 5.

### 3.     Rule 30(b)(6) Deposition of VersaMed

We informed you that we are not available during the week of May 21, 2007 for a Rule 30(b)(6) deposition of VersaMed and that we are investigating our client's availability during the first part of June.  We will provide you with proposed dates shortly.

### 4.     Privilege Logs

We agreed that attorney work-product and attorney-client privileged documents generated after the filing date of the instant action (i.e., September 15, 2006) shall not be identified on the parties' privilege logs.

### 5.     Document Productions

We agreed that the parties will commence their initial production of responsive documents and things to be received by May 11, 2007.

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
May 3, 2007
Page -3-

| OBLON |
| SPIVAK |
| McCLELLAND |
| MAIER |
| & |
| NEUSTADT |
| P.C. |

### 6. **May 4, 2007 Telephone Conference**

We agreed to participate in a follow-up telephone conference tomorrow (May 4) at 1:00 p.m. (Virginia time).

\*　　\*　　\*

Please immediately inform us if our understanding as to any item discussed above is incorrect.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Eric W. Schweibenz

EWS/hs

cc (via electronic mail):
　　Jeffrey M. Olson, Esq.
　　Steven J. Balick, Esq.
　　Jack B. Blumenfeld, Esq.

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION, | ) ) ) ) | Civil Action No. 06-579-JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| VERSAMED MEDICAL SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

## VIASYS' RESPONSE TO VERSAMED'S FIRST SET OF INTERROGATORIES (NOS. 1-7)

Plaintiffs, Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation ("Viasys") hereby respond to Defendant Versamed Medical Systems, Inc.'s ("Versamed"), First Set of Interrogatories (Nos. 1-7) as set forth below.

## GENERAL OBJECTIONS

Viasys objects to these interrogatories and the instructions provided by Versamed to the extent they conflict with or impose requirements different from those set forth in the Federal Rules of Civil Procedure.

Viasys further objects to these interrogatories to the extent that the information called for therein is more efficiently and less burdensomely obtained through alternative discovery methods, such as depositions of personnel most knowledgeable of the information requested, or requests for documents (see Rule 33(d), Federal Rules of Civil Procedure).

Subject to and without waiving the foregoing, Viasys responds to the specific interrogatories as follows:

## INTERROGATORY NO. 1

Identify each Versamed product, device, apparatus or system that Plaintiffs contend infringes any claim(s) of the '511 Patent and, for each such product, device, apparatus or system, identify with particularity each claim(s) allegedly infringed, the manner in which aspects or elements of the product, device, apparatus or system allegedly infringe literally or under the doctrine of equivalents; state the factual basis for each such contention, including, but not limited to, a limitation-by-limitation explanation of how the accused product meets each and every limitation, along with identification of all evidence, if any, upon which Plaintiffs rely or intend to rely to support each contention; and identify all documents referring to relating thereto.

## RESPONSE TO INTERROGATORY NO. 1

Viasys asserts the Prematurity Objection and the Unavailability Objection. Viasys further objects to this interrogatory as containing multiple interrogatories.

In addition to its General Objections, Viasys objects to this interrogatory as premature and unduly burdensome, in that discovery (including discovery into the structure, function and operation of Versamed's products) has yet to be provided by Versamed. Thus, Viasys has not yet had the opportunity to complete its investigation of the products and associated methods that may infringe the patent in suit, and its investigation of the particular claims that are infringed by Versamed's products. Accordingly, the request for information as to "each Versamed product, device, apparatus or system" and to "identify with particularity each claim(s) allegedly infringed," is premature. Additionally, because patent infringement is a two-step inquiry, first

4

requiring construction of the claims by the Court, and because the Court has not yet construed the claims, Viasys further objects to this interrogatory to the extent that it is premature. Therefore, Viasys reserves the right to identify Versamed products, including additional products or methods beyond those identified herein, that infringe (whether directly, contributorily or by inducement) claims of the patent in suit. Viasys further reserves the right to provide a limitation-by-limitation explanation of how each accused product meets each limitation of the claims and to identify supporting evidence once discovery is provided by Versamed.

Without waiver of, or prejudice to any of the foregoing objections, Viasys answers that Versamed's iVent201 ventilators, including without limitation the iVent201 IC +AB Intensive Care and Non-invasive Ventilation with Adaptive Bi-Level Mode, iVent201 IC Intensive Care, iVent201 AB Non-invasive Ventilation with Adaptive Bi-Level Mode and iVent201 HC Home Care models infringe directly or indirectly, literally or under the doctrine of equivalents, each and every claim of the '511 patent. Viasys will supplement or revise this response as appropriate as information is provided by Versamed.


**INTERROGATORY NO. 2**

Identify separately by type, model name, trade name or other designation, each model, version, or embodiment of products made or sold by Plaintiffs, or by any of Plaintiff's licensees, allegedly covered by or embodying any claim of the '511 patent and for each such product identify each claim allegedly covering such product.

**RESPONSE TO INTERROGATORY NO. 2**

Viasys asserts the Prematurity Objection and Burden Objection. Viasys in addition objects to this interrogatory as containing multiple interrogatories.

permanent injunction.  Thus, Viasys further objects to this interrogatory as premature to the extent that it seeks discovery of expert testimony in violation of the Court's scheduling order.

Without waiver of, or prejudice to any of the foregoing objections, Viasys answers this interrogatory that Viasys has been damaged and is continuing to be damaged by the infringing acts of Versamed, and the harm to Viasys resulting from the acts of Versamed is irreparable, ongoing, and not fully compensable in money damages, and it will continue unless Versamed is enjoined by this Court.

Viasys reserves the right to supplement its response to this interrogatory as the information becomes available.

Respectfully Submitted As To Objections:

SIDLEY AUSTIN LLP

Dated:  April 26, 2007            By: _____

Jeffrey M. Olson, Esq.
Matthew S. Jorgenson, Esq.
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
(213) 896-6000

Steven J. Balick (I.D. #2114 )
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888

Attorneys for Plaintiffs

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

METRO ONE TELECOMMUNICATIONS, )
INC.,                         )
                              )
        Plaintiff,            )
                              )
        v.                    )  Civil Action No. 99-510-SLR
                              )
INFONXX, INC.,                )
                              )
        Defendant.            )

O R D E R

At Wilmington this 4th day of February, 2000, having
conferred with counsel and reviewed further submissions regarding
various discovery disputes (D.I. 60, 61, 63, 67, 68);

IT IS ORDERED that:

1.  **General Scope of Discovery.**  The parties agree that
the '092 patent relates to "return-to-operator" features.
Nevertheless, both parties have requested discovery relating to
the much broader subject of "directory assistance services."
(See, e.g., D.I. 63 at 4; D.I. 61 at 12) Not surprisingly, the
parties have objected to such broad requests when leveled at
them.  (See, e.g., D.I. 63 at 4-5; D.I. 61 at 12) Consequently,
in order to make sense of and manage the discovery process, all
discovery requests shall be limited to "return-to-operator"
features.

2. **Contention Interrogatories.** Both parties shall respond to outstanding contention interrogatories. The court understands that responses made early in discovery may well change over time and will not bind the responding party, but a party's good faith explanation of its contentions should aid in focusing the discovery process.

3. **Plaintiff's Discovery Issues.**

a. **Infringement Requests.** Consistent with the general scope of discovery, defendant must respond to discovery requests about such features, without regard to the self-imposed "commercially implemented" limitation. The court expects the parties to recognize the confidential nature of such responses and to implement appropriate procedural safeguards.

b. **Time Frame.** The time frame for such responses shall be August 1996 to date.

c. **Summary Information.** Consistent with the general scope of discovery described above, defendant shall produce the requested documents (**not** in summary form).

d. **Vagueness.** The court understands defendant has agreed to respond to these document requests. (D.I. 67)

e. **Advice of Counsel.** Defendant shall inform plaintiff whether it intends to rely on advice of counsel on or before **May 19, 2000.**

f. **Source Code.** The court understands that defendant does not have responsive documents and that plaintiff has access to such through third-party discovery. (D.I. 67)

2

4.  **Defendant's Discovery Issues**.

a.  **Plaintiff's Use of the '092 Patent**.
Consistent with the general scope of discovery described above,
plaintiff shall respond to defendant's interrogatories numbered
1, 3, 7, and 8 and document requests numbered 7, 16, 22-26, and
28.

b.  **Prior Art**.  Plaintiff need only respond
consistent with the general scope of discovery.

c.  **Number of Employees**.  Plaintiff shall respond,
the appropriate time frame being that period "from the date of
filing of the declaration claiming small entity status until the
date that the status was changed, if at all."  (D.I. 61 at 14)

d.  **Interrogatory 13**.  Plaintiff shall respond.

e.  **Related Patent Applications**.  Plaintiff shall
produce documents regarding related patent applications that
predate or are contemporary to the '092 patent.[1]

_____

United States District Judge

_____

[1]Defendant need not respond if it has no patent
apaplications related to "return-to-operator" features.

3

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OSRAM SYLVANIA, INC.,           )
                                )      **COPY**
            Plaintiff,          )
                                )
v.                              )      CIVIL ACTION
                                )      00-501
DUREL CORPORATION,              )
                                )
            Defendant.          )

United States District Court
844 King Street
Wilmington, Delaware

Telephone Conference
Tuesday, February 13, 2001
4:30 p.m.

BEFORE: THE HONORABLE GREGORY M. SLEET
        United States District Judge

APPEARANCES: (by telephone)

            JOSY W. INGERSOLL, ESQ.
            YOUNG, CONAWAY, STARGATT & TAYLOR
                    and
            ROBERT APPLEBY, ESQ.
            KIRKLAND & ELLIS
              For the Plaintiff

            KAREN JACOBS-LOUDEN, ESQ.
            MORRIS, NICHOLS, ARSHT & TUNNELL
                    and
            LAWRENCE PRETTY, ESQ.
            CHRISTY PARKER & HALE
              For the Defendant

1          MR. PRETTY:  That's absolutely

2    right, Your Honor.  If you take Interrogatory No.

3    12, and this deals with the issue of average

4    particle size.

5          Describe the testing methodology and

6    equipment relied on by Sylvania to determine

7    whether an electroluminescent phosphor meets the

8    limitations of the claim of the '469 patent for

9    average particle size and they have refused to

10    answer it.

11          THE COURT:  Are you not able to

12    answer that, Mr. Appleby?

13          MR. PRETTY:  They've totally

14    refused to answer.  There's nothing.

15          THE COURT:  Mr. Appleby?

16          MR. APPLEBY:  What he seems to be

17    asking for is an identification of the model

18    number of the piece of equipment.  The settings

19    that were are used.

20          THE COURT:  Mr. Appleby, with all

21    due respect, the language is quite clear.  I have

22    the interrogatory in front of me.  It says,

23    "Describe the testing methodology and equipment

24    relied on by Sylvania to determine whether an

1    electroluminescent phosphor meets the limitations

2    of the claims of the '496 patent for average

3    particle size," average particle size is in

4    quotes.

5            Are you not able to provide that

6    information?

7            MR. APPLEBY:  I guess there's a

8    dispute here about what that information is.  From

9    what I'm hearing from Durel's counsel is that they

10   want to know the precise settings, the model

11   number of the equipment, the things that our

12   expert will choose in coming up with his report.

13           And so in that sense, since our

14   expert has not done the test yet, yes, I think we

15   would have difficulty providing that information

16   at this time.  If that's what he's requesting.

17           MR. PRETTY:  If you're going to --

18   Lawrence Pretty, Your Honor.  If you are going to

19   rely on particular diaphragm size, particular

20   voltage settings, particular model of Coulter

21   counter, we need to know what that information is

22   during the fact period so that we can do our own

23   tests using those conditions that you're setting

24   up and so that we can also, if necessary, take

1  depositions of fact witness and look for documents

2  that you are producing that deal with those

3  conditions.

4          You can't just spring it on us when

5  fact discovery is over and say, well, that's our

6  expert stuff.  That's what concerns me.  I want an

7  answer to that now.

8          MS. LOUDEN:  And Your Honor, Karen

9  Jacobs-Louden again, Sylvania must have some

10  contentions because they filed the suit.

11  Presumably they wouldn't have filed suit if they

12  didn't have some basis of infringement.

13          So as I said, they may choose to

14  update their contentions as they get into the

15  expert stage, but there must have been some basis

16  for a asserting infringement.

17          THE COURT:  I'm going to have to --

18  I'm rather inclined to Ms. Jacobs-Louden and

19  Mr. Pretty's position on this, counsel, for

20  Sylvania and I'm wondering when you're going to be

21  able to comply with the order that I'm going to

22  issue on this.

23          MR. APPLEBY:  I think we need some

24  time, Your Honor, to consult with our experts.

 1  Obviously considering we believe that this is to

 2  be the testing that our experts would be

 3  undertaking in the future.

 4              THE COURT:  So you're saying that

 5  you're not able to today?  You don't know the

 6  average particle size or the types of tests that

 7  you relied upon to bring this lawsuit?

 8              MR. APPLEBY:  That's not true, Your

 9  Honor, we could provide some basic information,

10  but as far as actual voltage settings and

11  diaphragms --

12              THE COURT:  Did you do so

13  investigation before you brought this suit?

14              MR. APPLEBY:  Yes, we did, and

15  that's what goes back to our initial objection was

16  that really these interrogatories we're seeking,

17  the work product --

18              THE COURT:  Well, everything cannot

19  be shield the under the rule of work product.  I'm

20  not willing to accept that the shield goes so far

21  as to put one party in a position to undermine the

22  other parties ability to effectively defend

23  itself.

24              Now, I'm not suggesting that you're

1  trying to do that, but that would could be the net

2  effect of the Court permitting you to continue to

3  refuse to respond to that which at least I think I

4  understand what's being asked.

5           To continue to characterize that

6  which is on the piece of paper I don't think

7  serves the purpose of moving discovery forward in

8  this case, Mr. Appleby.

9           MR. APPLEBY:  Just to make it clear,

10 we did testing as part of our due diligence.  It

11 was not our intention to rely on that testing for

12 further infringement of trial.  During the course

13 of litigation our experts would do testing and we

14 have asked for sample from Durel so that we can

15 perform that testing, which we have not yet

16 received.

17          But that being said, and we cannot

18 at this time, obviously, give all the parameters

19 of the testing that our expert will do on those

20 samples once we received them.

21          THE COURT:  I understand that much.

22 Mr. Pretty?

23          MR. PRETTY:  What I would like from

24 him is I would like a full answer to this

1     interrogatory, and if he feels that he has to

2     supplement it later with additional information,

3     he can.

4                    But I think he can certainly provide

5     me with the information let's say on average

6     particle size I want to know which model of

7     counter.  I want to know what size diaphragm was

8     used, 140 millimeter diaphragm or the 200

9     millimeter diaphragm.

10                   I want to know whether there's a

11    certain setting on it that deals, I believe, with

12    what you average or some type of statistical

13    analysis.  I think I'm entitled to know that

14    amount of information.

15                   THE COURT:  And I'm going to order

16    that be produced.  When can you do so,

17    Mr. Appleby?

18                   MR. APPLEBY:  We can do so in 30

19    days.

20                   THE COURT:  Is that acceptable

21    Mr. Pretty?

22                   MR. PRETTY:  Well, the only problem,

23    Your Honor, I don't know we have to slip the

24    discovery dates a little here.  The discovery does

1  close on May the 31st.

2               THE COURT:  What's our pretrial

3  conference date?

4               Mr. PRETTY:  Pretrial conference is

5  way off in the future.  We can put some of these

6  dates off a little bit.  Take 30 days.

7               THE COURT:  Okay.  Well, I will give

8  you 30 days, Mr. Appleby.  We'll look at whether

9  we're going to need to slip the fact and expert

10  discovery dates during another -- perhaps during

11  another teleconference or at least the Court can

12  respond to concerns expressed by a letter.

13               MS. INGERSOLL:  Thanks, Your Honor.

14               THE COURT:  We do have another

15  issue, I think, do we not?

16               MR. PRETTY:  This is counting the

17  number of interrogatories.

18               THE COURT:  I pulled out the local

19  rule.  And it's not clear enough?  Is that what's

20  going on?

21               MR. PRETTY:  Well, I think the thing

22  is, Your Honor, when we propounded the

23  interrogatories we -- you know, I have to use what

24  appears to be draft and so on, and they've counted

1  all the subparts of an interrogatory except for

2  interrogatories whereas we believe the case law is

3  that it be interrogatory relates to a single

4  subject matter if you just ask them to specify

5  address and other things relating to it, that

6  doesn't make it a separate interrogatory.

7          THE COURT:  Is the case law to which

8  you refer, is that a district court opinion

9  interpreting our local rule?

10         Mr. PRETTY:  I'm just looking at the

11 letter, Your Honor, the we wrote to you.  Maybe

12 Ms. Louden is more familiar with the Delaware

13 local cases than I am.

14         THE COURT:  Ms. Jacobs-Louden?

15         MS. LOUDEN:  Your Honor, I'm not

16 familiar with cases interpreting the Delaware

17 local rule.

18         THE COURT:  I'm not either.

19         MS. LOUDEN:  I don't think it's that

20 the Delaware local rule is different in concept

21 from the federal rule on this point.

22         THE COURT:  It just says each

23 subparts will be counted as a separate

24 interrogatory.  But gee, counsel --

1    MS. LOUDEN:  It's all in the
2  interpretation of what is --
3    THE COURT:  Counsel, how far apart
4  are you on the count?
5    You'll have to forgive me.  I'm on
6  trial and I read your letter some time ago and I
7  can't remember what you said.
8    MR. PRETTY:  Well, I have a feeling
9  this is probably something Mr. Appleby and myself
10  might be able to scratch each other's backs on
11  because I'm sure he's going to want to have the
12  same sort of thing.
13    THE COURT:  How about that with,
14  Mr. Appleby?
15    MR. APPLEBY:  With the plaintiff,
16  Your Honor.
17    THE COURT:  That sounds good.
18  Anything else counsel?  All right.  Have a good
19  evening.
20    MS. INGERSOLL:  Thank you, Your
21  Honor.
22
23
24