IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC.,  )
VIASYS MANUFACTURING INC., and  )
BIRD PRODUCTS CORPORATION,  )
            )  C. A. No.  06-579 (JJF)
          Plaintiffs,  )
            )
      v.  )
            )
VERSAMED  MEDICAL SYSTEMS, INC.,  )
            )
          Defendant.  )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the attached subpoena directed to Respironics, Inc. is being served.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200

*Attorneys for Defendant*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

May 22, 2007
833235

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on May 22, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick
> Tiffany Geyer Lydon
> ASHBY & GEDDES

I further certify that I caused to be served copies of the foregoing document on May 22, 2007 upon the following in the manner indicated:

### BY E-MAIL and HAND

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE  19801

### BY E-MAIL

Jeffrey M. Olson
Sidley Austin, LLP
555 West Fifth Street
Los Angeles, CA  90013

*/s/ Julia Heaney*
Julia Heaney (#3052)

Issued by the
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

VIASYS RESPIRATORY CARE INC.,
VIASYS MANUFACTURING INC., and
BIRD PRODUCTS CORPORATION,
  Plaintiffs,                                    **SUBPOENA IN A CIVIL CASE**

                                                 **PENDING IN U.S. DISTRICT COURT**
                                                 **DISTRICT OF DELAWARE**
  v.                                             **CASE NUMBER:  06-579 (JJF)**

VERSAMED MEDICAL SYSTEMS, INC.,
  Defendant.

TO:    **Respironics, Inc.**
       **1010 Murry Ridge Lane**
       **Murrysville, Pennsylvania 15668-8525**

☐  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| LELAND SCHERMER & ASSOCIATES, P.C.<br>11 Stanwix Street, 7th Floor<br>Pittsburgh, Pennsylvania 15222 | June 12, 2007 -- 9:30 a.m. |

   Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants | 5/21/2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Eric W. Schweibenz<br>OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia  22314 Tel.: (703) 413-3000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88  (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                         SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# SCHEDULE A

## DEFINITIONS

1.      "Respironics", "you", and "your" means Respironics, Inc., and all of its predecessors, successors, investors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

2.      The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

3.      The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

4.      "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

5.      "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

6.      The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

7.    "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

8.    The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in the possession, custody or control of Respironics.

9.    "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers, directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

10.    "The United States" or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

11.    The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

12.    The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

13.    "Prior art" means any and all documents, things and activities relevant to the '511 Patent and the '133 Patent that constitute prior art within the meaning of 35 U.S.C. §§102 and 103.

## INSTRUCTIONS

1.    This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.    Documents are to be produced in the same form and manner in which they are kept in the normal course of business. The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3.    In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.    The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.    In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.    For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9.    With respect to each document or thing called for by these requests which is in your possession, custody or control, such documents may, at your discretion, be marked in accordance with the Stipulated Protective Order (attached hereto as Exhibit 1).

10.    If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

11.    If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

12.    With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph.  For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

13.    For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing. For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

a)    the name and title of the person(s) who possessed or controlled the document or thing;

b)    a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

c)    the document's date or the thing's date of creation;

d)    the name and title of the author(s) or creator(s) of the document or thing;

e)    the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

f)    the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g)    the past and current location of all copies of the document or thing;

h)    the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

i)    the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

<u>REQUESTS</u>

1.     Documents and things sufficient to show the structure and operation of Respironics' BiPAP ST and BiPAP ST-D ventilator products made or supplied by Respironics or otherwise sold, offered for sale, used, demonstrated or imported by Respironics prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, software, and systems guides or manuals.

2.     Documents and things sufficient to show the design and development of Respironics' BiPAP ST and BiPAP ST-D ventilator products made or supplied by Respironics or otherwise sold, offered for sale, used, demonstrated or imported by Respironics prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

3.     All documents and things in Respironics' possession relating to the marketing or promoting of Respironics' BiPAP ST and BiPAP ST-D ventilator products made or supplied by Respironics or otherwise sold, offered for sale, used, demonstrated or imported by Respironics prior to October 14, 1994, including, but not limited to, system guides, physician manuals, instructional materials, patient guides or manuals, brochures, advertisements, posters, press releases, service manuals, and video or audio materials.

4.     Documents and things sufficient to show the structure and operation, design and development of any ventilation device with a compressor-blower or turbine driven generator made or supplied by Respironics or otherwise sold, offered for sale, used, demonstrated or imported by Respironics prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

6

5.     All documents and things relating to ventilator demonstrations given by Gerald McGinnis, including, without limitation, all documents and things relating to or concerning a demonstration given by Gerald McGinnis to Dr. John Downs and others in Florida in the 1975 – 1980 time frame regarding a rotary driven ventilator product that re-circulated air.

6.     All documents and things relating to or concerning the '511 Patent and the '133 Patent (and the applications from which they derived), including, without limitation, all prior art known to Respironics.

7.     All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patents and any Related Patent Applications.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC.,        )
VIASYS MANUFACTURING INC., and       )
BIRD PRODUCTS CORPORATION,           )
                                     )    C.A. No. 06-579 (JJF)
          Plaintiffs,                )
                                     )
     v.                              )
                                     )
VERSAMED MEDICAL SYSTEMS, INC.,      )
                                     )
          Defendant.                 )

---

## STIPULATED PROTECTIVE ORDER

Whereas, the parties recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case.

It is hereby ORDERED that the following Protective Order be entered:

1.    This Protective Order shall govern the handling of any information produced or disclosed by any party or non-party (the "Producing Party") in this action to any other party (the "Receiving Party") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action (all such information shall hereinafter be referred to as "Discovery Material").

2.　　All Discovery Material designated in the course of this litigation as "Confidential" or "Confidential – Attorney's Eyes Only," as these terms are defined in Paragraph 3, shall be used only for the purpose of preparation and trial of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

### DEFINITIONS

3.　　"Confidential" shall refer to Discovery Material that contains trade secrets or other confidential or proprietary research, development, technical, financial, commercial or business information. "Confidential – Attorney's Eyes Only" shall refer to Discovery Material that contain or are of a highly proprietary or competitively sensitive business or technical nature. Such information shall only be disclosed to Qualified Persons designated according to Paragraph 4 below. Materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall herein be referred to as "Confidential Material." Confidential Material shall not include any Discovery Material that the Receiving Party demonstrates:

a.　　is in the public domain at the time of disclosure, including materials that on their face show that they have been submitted to any government entity without a request for confidential treatment;

b.　　becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

2

      c.     the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

      4.     With respect to Discovery Material designated as "Confidential," "Qualified Persons" means:

      a.     Members and employees of the firm or firms of counsel of record. The current counsel of record are listed below:

> Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
> 1940 Duke Street
> Alexandria, Virginia 22314

> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware 19899

> Ashby & Geddes
> 500 Delaware Avenue
> 8th Floor
> P.O. Box 1150
> Wilmington, Delaware 19899

> Sidley Austin LLP
> 555 West Fifth Street, Suite 4000
> Los Angeles, California 90013

      b.     Court personnel, including stenographic, video reporters and/or translators engaged in such proceedings as are necessarily incident to the preparation or trial of this action, as well as personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this case;

      c.     The following three current officers or employees of Viasys: Matthew M. Bennett, Nicole Bednar, and another individual to be named at a later date; and the following

three current officers or employees of Versamed: Jerry Korten, Kevin Plihal and another individual to be named at a later date;

d.     Independent experts and independent consultants (including jury consultants) and their staffs who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party. As a condition precedent to disclosure of Confidential Material to any such person, he or she must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby and execute a declaration acknowledging the foregoing, in the form annexed hereto as Exhibit A; agree to use the Confidential Material solely for this litigation and not to disclose any Confidential Material to any other person, firm, or concern in violation of this Protective Order; and agree never to use any Confidential Material, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. For each independent expert and independent consultant who executes a declaration, counsel who retained the independent expert or consultant shall forward by facsimile or email a copy of the executed declaration to counsel for the other parties at least seven (7) days prior to the proposed disclosure of Confidential Material. If any party objects to the proposed disclosure to the expert within seven (7) days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose Confidential Material to the expert shall make an appropriate motion. The burden shall be on the objecting party to show the Court why the disclosure should not be made.

e.     Any person who authored and/or was an identified original recipient of the particular material sought to be disclosed to that person;

4

f.    Service contractors, including but not limited to document copy services and graphics consultants, who have signed a statement in the form attached as Exhibit A hereto; and

g.    Any other person agreed to by all parties in writing who has signed a statement in the form attached as Exhibit A hereto.

With respect to Discovery Materials designated "Confidential – Attorney's Eyes Only," "Qualified Persons" shall mean those persons under Paragraph 4(a) (as further limited herein), (b), (d), (e), (f) and (g).  Any person under Paragraph 4(a) who receives any document or information designated as "Confidential – Attorney's Eyes Only" shall not thereafter substantively participate in the prosecution or preparation of any patent application relating to the structure and operation of a ventilator, whether foreign or domestic, on behalf of any party to this action (or any entity in privity with such party).

## DESIGNATION AS "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

5.    The designation as "Confidential" or "Confidential – Attorney's Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a.    In the case of Discovery Material, by affixing, legibly, the legend "Confidential" or "Confidential – Attorney's Eyes Only" to each page containing confidential information.

b.    In the case of depositions or other pretrial or trial testimony ("Transcripts"), by indicating on the record at the deposition or hearing that the testimony is "Confidential" or "Confidential – Attorney's Eyes Only" and is subject to the provision of this Order.  Thereafter, the non-designating party may request, in writing, that the designating party identify which specific pages and lines contain "Confidential" or "Confidential – Attorney's

Eyes Only" information. The designating party then has thirty (30) days to identify which portions of the transcript are designated as "Confidential" or "Confidential – Attorney's Eyes Only."

Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in its possession, custody or control, identifying portions of the Transcript as "Confidential" or "Confidential – Attorney's Eyes Only" as the case may be. Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive Confidential Material may attend a deposition at which Confidential Material may be disclosed. The designating party shall have the right to exclude such persons from the deposition only during the period any Confidential Material is disclosed or discussed.

6.     To the extent that Confidential Material or information obtained therefrom is used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Material.

7.     The recipient of any Confidential Material that is provided under this Order shall maintain such materials in a secure and safe area to which access is limited, or otherwise use available methods to restrict access, to Qualified Persons only, and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Confidential Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall

be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

## CHALLENGES TO DESIGNATIONS

8.      At any time after the receipt of any Discovery Materials or Transcripts designated "Confidential" or "Confidential – Attorney's Eyes Only," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party.  Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded confidential treatment, or afforded a lesser degree of confidential designation, and the reasons supporting the challenging party's claim.  After such notice is made, the parties shall confer and in good faith attempt to resolve their differences.  If the parties are unable to agree as to whether the confidential designation is appropriate, counsel for the Receiving Party must move the Court for appropriate relief with reasonable notice to opposing counsel.  The party seeking a designation as "Confidential" or "Confidential – Attorney's Eyes Only" shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure and to such designation.  The party asserting that the information is not confidential because of the reasons listed in Paragraph 3 shall have the burden of making a prima facie showing in support of its position.  All Discovery Materials and Transcripts that a party designates as "Confidential" or "Confidential – Attorney's Eyes Only" shall be accorded such status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

**FILING UNDER SEAL**

9.    All documents of any nature, including briefs, which contain information that contains Confidential Material, which are filed with the Court, shall be filed under seal in accordance with the Delaware Local Rules.

**INADVERTENT PRODUCTION AND DISCLOSURE**

10.    A Producing Party that inadvertently produces Discovery Material without designation as "Confidential" or "Confidential – Attorney's Eyes Only" may retroactively designate the Discovery Material as "Confidential" or "Confidential – Attorney's Eyes Only" by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by production number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced with or without the incorrect designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 13, below.

11.    If a party fails to designate Transcripts as "Confidential" or "Confidential – Attorney's Eyes Only" at the time of the deposition or hearing in accordance with paragraph 5 above, the party may make such a designation later at any time by providing notice in writing.

The Receiving Party shall treat the designated Transcript as Confidential Material from the time it receives notification of the designation going forward.

12.    The inadvertent or unintentional production of Discovery Material protected by attorney-client privilege and/or work product shall not constitute a waiver of the privilege. If a party inadvertently or unintentionally produces privileged Discovery Material, it shall notify each party who received the Discovery Material, and each receiving party shall return the Discovery Material and all copies to the producing party within ten (10) business days. A party may, however, keep one copy of the Discovery Material if within ten (10) business days of receipt of that Discovery Material it files a motion challenging the designation of that document as privileged. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made.

13.    In the event of inadvertent disclosure of Confidential Materials to a person that is not a Qualified Person, the party that inadvertently discloses such information or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

## RETURN OF CONFIDENTIAL MATERIAL AFTER TERMINATION

14.    After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

15.    Within ninety (90) days after the latter of (i) entry of final judgment in or settlement of this proceeding and (ii) the time for any and all appeals has expired, the Plaintiffs and their counsel shall return to Defendant or its counsel all Confidential Material provided by Defendant and all copies thereof, and the Defendant and its counsel shall return to Plaintiffs or their counsel all Confidential Material provided by Plaintiffs and all copies thereof. Alternatively, the parties and their respective counsel may certify in writing that such documents have been destroyed.  Counsel for each party may retain one archival copy of all discovery responses; deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and Confidential Material to the extent it is included in such papers or reflected in that counsel of record's work product.

## OTHER PROCEEDINGS

16.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that

10

information should be disclosed.  Further, if any party believes that it is required to disclose Confidential Material to comply with any law or regulation, that party shall provide the Producing Party with 10 days notice (or as much notice as possible if the party must disclose in less than 10 days) so that the Producing Party may have an opportunity to object.

## GENERAL ADVICE AND DISCLOSURE BY COUNSEL

17.    This Protective Order shall not bar any attorney for the parties from rendering advice to his or her client with respect to this action.

18.    This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

## DUTY TO COMPLY WITH PROTECTIVE ORDER

19.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

20.    Nothing in this Protective Order shall limit or restrict a party with respect to disclosure or handling of its own Confidential Material.

21.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

22.    The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order.

Date: _May 1, 2007_                    _____

Honorable Joseph J. Farnan, Jr.
United States District Court

AGREED TO AS TO FORM AND CONTENT:

*Counsel for Plaintiffs*                    *Counsel for Defendant*

ASHBY & GEDDES                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tiffany Geyer Lydon*                    */s/ Jack B. Blumenfeld*

_____          _____

Steven J. Balick (I.D. #2114 )          Jack B. Blumenfeld (#1014)
John G. Day (I.D. #2403)                Karen Jacobs Louden (#2881)
Tiffany Geyer Lydon (I.D. #3950)        1201 N. Market Street
500 Delaware Avenue, 8th Floor          P.O. Box 1347
P.O. Box 1150                            Wilmington, DE 19899
Wilmington, Delaware 19899              (302) 658-9200
(302) 654-1888

Jeffrey M. Olson                        Steven P. Weihrouch
Matthew S. Jorgenson                    Andrew M. Ollis
SIDLEY AUSTIN LLP                       Robert C. Nissen
555 West Fifth Street, Suite 4000       Eric W. Schweibenz
Los Angeles, California 90013           OBLON SPIVAK McCLELLAND MAIER &
(213) 896-6000                          NEUSTADT, P.C.
                                        1940 Duke Street
180006.1                                Alexandria, Virginia 22314
                                        (703) 413-3000

12

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC.,<br>VIASYS MANUFACTURING INC., and<br>BIRD PRODUCTS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-579 (JJF) |

I hereby certify that I have read the Protective Order entered in the United States District Court for the District of Delaware on _____, 2007, in the above action. I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court for the District of Delaware for all purposes relating to the enforcement of the Order.

As soon as practical, but no later than sixty (60) days after final adjudication of this case, I shall return to counsel of record who provided me with such material, all materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" under this Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Material that was provided me.

Dated: _____

_____
Signature

_____
Type or Print Name of Individual

_____
Residence Address

_____
Business Address

_____
Employer

_____
Title/Job Description