IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-579 (JJF)<br><br>JURY TRIAL DEMANDED |

**STIPULATION AND ORDER
TO FILE AMENDED ANSWER**

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that defendant Versamed Medical Systems, Inc. may file the amended answer attached hereto as Exhibit A.

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| /s/ Steven J. Balick | /s/ Jack B. Blumenfeld |
| Steven J. Balick (#2114) | Jack B. Blumenfeld (#1014) |
| sbalick@ashby-geddes.com | jblumenfeld@mnat.com |
| John G. Day (#2403) | Karen Jacobs Louden (#2881) |
| Tiffany Geyer Lydon (#3950) | 1201 N. Market Street |
| 500 Delaware Avenue | P.O. Box 1347 |
| P.O. Box 1150 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 658-9200 |
| (302) 654-1888 | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation* | *Versamed Medical Systems, Inc.* |

SO ORDERED this _____ day of _____, 2007.

_____
Farnan, J.

866758

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>Defendant. | C.A. No. 06-579 (JJF)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
AMENDED ANSWER AND COUNTERCLAIMS**

Defendant Versamed Medical Systems, Inc. ("Versamed" or "Defendant"), by counsel, hereby files its Answer and Counterclaims against Plaintiffs Viasys Respiratory Care Inc. ("VRCI"), Viasys Manufacturing Inc. ("VMI"), and Bird Products Corporation ("Bird") (collectively "Plaintiffs"). Except as expressly admitted below, Versamed denies each and every allegation of the Complaint.

## ANSWER

### Nature of the Action

1. Defendant does not dispute subject matter jurisdiction and denies infringement.

2. Defendant denies infringement.

3. Denied.

### Jurisdiction and Venue

4. Defendant does not dispute subject matter jurisdiction.

5. Defendant does not dispute personal jurisdiction.

6. Defendant does not dispute venue.

**Parties**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

10. Admitted.

11. Denied.

**Background**

12. Defendant denies that the '511 patent was duly and legally issued.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

**Alleged Infringement**

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### First Claim for Relief

20. See the responses to paragraphs 1-19 above.

21. Denied.

22. Denied.

23. Denied.

### SEPARATELY STATED DEFENSES

Defendant has not infringed the '511 patent.

Plaintiff's claim of infringement is barred by prosecution history estoppel.

The '511 patent as asserted is invalid.

Plaintiff's claim is barred by laches.

The '511 patent is unenforceable due to inequitable conduct.

### COUNTERCLAIMS

For its Counterclaims against Plaintiffs VRCI, VMI, and Bird (collectively "Plaintiffs"), Versamed states as follows:

1. Versamed is a Delaware corporation with its headquarters and principal place of business at 2 Blue Hills Plaza, Pearl River, NY 10965.

2. VRCI asserts that it is a Delaware corporation with places of business in Conshochocken, PA, Palm Springs, CA, and Yorba Linda, CA.

3. VMI asserts that it is a Delaware corporation with places of business in Conshohocken, PA, Palm Springs, CA, and Yorba Linda, CA.

4. Bird asserts that it is a California corporation with places of business in Conshochocken, PA, Palm Springs, CA, and Yorba Linda, CA.

5. There is an actual and justiciable controversy between Versamed and Plaintiffs with respect to infringement and validity of the '511 patent.

6. This counterclaim is brought under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et. seq.*

7. This Court has subject matter jurisdiction over this counterclaim, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I
### Declaration of Non-Infringement of the '511 Patent

8. Versamed does not infringe any claim of the '511 patent.

## COUNT II
### Declaration of Invalidity of the '511 Patent

9. The '511 patent as asserted is invalid.

## COUNT III.
### Declaration of Unenforceability of the '511 Patent

10. The '511 patent is unenforceable because one or more of the named inventors of the '511 patent, their agents, and/or their attorneys engaged in inequitable conduct during the prosecution of this patent.

11. "Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include . . . prior art. . . . Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner." Manual of Patent Examining Procedure ("MPEP") 2001.06(c).

12. Prosecuting a patent application is an *ex parte* process, and therefore, the law imposes a duty of good faith, candor, and disclosure on everyone associated with prosecuting the application. *See* 37 C.F.R. § 1.56; MPEP § 2000. The duty of candor and disclosure requires, *inter alia*, that the applicant, his or her agents and/or attorneys, and anyone else substantively involved in prosecuting the application, disclose all information that a reasonable examiner reviewing the application would consider important in determining whether to allow the proposed claims to issue.

13. The grandparent application to the '511 patent is the application that matured into U.S. Patent No. 5,868,133 ("the '133 patent").

14. The '133 patent and the '511 patent share the same specification and therefore describe identical subject matter.

15. At least three of the allowed claims of the '511 patent were originally rejected for double patenting over one or more claims of the '133 patent. To overcome that rejection, applicants filed a terminal disclaimer.

16. On or about July 19, 1999, Bird (one of the plaintiffs in this suit) sued, *inter alia*, Douglas DeVries ("DeVries"), the first named inventor for both the '133 patent and the '511 patent, for *inter alia*, infringing the '133 patent, in the United States District Court for the Central District of California (the litigation between Bird and DeVries hereinafter will be referred to as the "DeVries litigation").

17. On or about October 13, 2000, the court in the DeVries litigation found that DeVries and the other defendant did not infringe any claim of the '133 patent.

18. The litigation continued until the parties settled the case in 2002 while Bird was appealing the October 13, 2000 decision to the United States Court of Appeals for the Federal Circuit.

19. On or about June 10, 2003, the application that matured into the '511 patent was filed on behalf of the named inventors.

20. On or about September 22, 2003, the parent application to the application that matured into the '511 patent was abandoned.

21. At no time during the prosecution of the parent application or the application that matured into the '511 patent was the United States Patent and Trademark Office ("USPTO") informed about the DeVries litigation.

22. Michael Cegielski ("Cegielski"), one of the named inventors of both the '133 and the '511 patents, submitted at least one declaration in the DeVries litigation.

23. Michael Holmes ("Holmes"), one of the named inventors of both the '133 and the '511 patents, submitted multiple declarations in the DeVries litigation.

24. Under 37 C.F.R. § 1.56, DeVries had a duty to disclose to the USPTO the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

25. Under 37 C.F.R. § 1.56, Cegielski had a duty to disclose to the USPTO the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

26. Under 37 C.F.R. § 1.56, Holmes had a duty to disclose to the USPTO the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

27. Under 37 C.F.R. § 1.56, the agents and attorneys working on behalf of Bird had a duty to disclose to the USPTO the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

28. DeVries violated his duty of disclosure by failing to inform the USPTO of the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

29. Cegielski violated his duty of disclosure by failing to inform the USPTO of the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

30. Holmes violated his duty of disclosure by failing to inform the USPTO of the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

31. The agents and attorneys working on behalf of Bird violated their duty of disclosure by failing to inform the USPTO of the DeVries litigation involving the '133 patent during the prosecution of the application that matured into the '511 patent.

32. During the DeVries litigation, the parties made numerous assertions as to which a reasonable PTO examiner would have given considerable weight in deciding whether to allow the claims of the '511 patent. Those assertions include at least 1) the competing claim charts that the parties filed regarding claim terms at issue in the DeVries litigation that are also at issue in the '511 patent, along with the Court's Order interpreting the disputed claims; 2) DeVries' sworn statement that his "invention described in the '133 patent does not have a bypass valve," nor a "flow control valve;" 3) DeVries' sworn statement that in his invention there must be "stored individualized compressor characterization information" because in his "invention described in

7

the '133 patent . . . the controller apparatus must have access to the particular characteristics of the compressor that has been installed in it;" and 4) Bird's contention in the DeVries litigation that the claimed acceleration and deceleration of the compressor should be given a very broad interpretation to cover a device having a blower operating at substantially constant speed during inspiration, even though Bird took the opposite approach during prosecution of the parent application to the '133 and '511 patents when Bird argued that the invention was patentable over prior art (U.S. Patent No. 4,957,107) which also utilized a blower having a substantially constant speed during inspiration.

33. Considering that both the '133 patent and the '511 patent share the same specification, a reasonable USPTO examiner would have given considerable weight to the fact that the inventor explained that his "invention described in the '133 patent does not have a bypass valve," nor a "flow control valve," when the examiner was deciding whether to allow claims 10 - 14 of the '511 patent that do not include the limitation of a "non-valved gas flow passageway."

34. Considering that both the '133 patent and the '511 patent share the same specification and an examiner found that the two patents claimed patentably indistinct subject matter, a reasonable USPTO examiner would have given considerable weight to the fact that the inventor explained that his invention required that there must be "stored individualized compressor characterization information" because in his "invention described in the '133 patent . . . the controller apparatus must have access to the particular characteristics of the compressor that has been installed in it" when the examiner was deciding whether to allow all the claims of the '511 patent that do not expressly include the limitation of "stored individualized compressor characterization information."

8

35. Upon information and belief, DeVries, the other named inventors, and/or the agents and attorneys acting on behalf of Bird acted with deceptive intent in not informing the USPTO examiner about the DeVries litigation.

36. Upon information and belief, DeVries, the other named inventors, and/or the agents and the attorneys acting on behalf of Bird decided not to inform the examiner about the DeVries litigation because the above parties were on opposing sides during the DeVries litigation, such that they could not discount the arguments that the opposing side made, because both sides in the DeVries litigation were attempting to get the '511 patent allowed.

37. "Applicants and other individuals, . . . have a duty to bring to the attention of the [USPTO] any material prior art or other information cited or brought to their attention in any related foreign application. The inference that such prior art or other information is material is especially strong where it has been used in rejecting the same or similar claims in the foreign application or where it has been identified in some manner as particularly relevant." MPEP §2001.06(a).

38. On or about November 24, 2004, during prosecution of EP 1,491,227 (the European counterpart to the '511 patent), the foreign examiner identified French Patent No. 2,663,547 and U.S. Patent No. 5,245,995 as invalidating prior art.

39. The affected claims of the European counterpart were identical to the claims that issued in the '511 patent.

40. Under 37 C.F.R. § 1.56, the named inventors, their agents and their attorneys had a duty to disclose to the USPTO this material prior art during the prosecution of the application that matured into the '511 patent.

41. The named inventors, their agents and/or their attorneys violated their duty of disclosure by failing to inform the USPTO of this material prior art during the prosecution of the application that matured into the '511 patent.

42. Upon information and belief, the named inventors, and/or the agents and attorneys acting on behalf of Bird acted with deceptive intent in not disclosing this material prior art.

43. Versamed is entitled to a judicial declaration that the '511 patent is unenforceable for inequitable conduct.

WHEREFORE, Defendant respectfully requests that this Court enter judgment:

a. Dismissing the Complaint against Versamed in its entirety, with prejudice;

b. Declaring that the '511 patent is not infringed by Versamed;

c. Declaring that the '511 patent is invalid;

d. Declaring that the '511 patent is unenforceable;

e. A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 entitling Versamed to an award of its reasonable attorneys' fees, expenses and costs in this action;

f. Awarding Versamed its reasonable attorneys' fees (35 U.S.C. § 285) and costs (rule 54(d) Fed. R. Civ. P.); and

g. Granting Versamed such other further relief to which it may be entitled.

                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                        */s/ Jack B. Blumenfeld*

                        ―――――――――――――――――

                        Jack B. Blumenfeld (#1014)
                        Karen Jacobs Louden (#2881)
                        1201 N. Market Street
                        P.O. Box 1347
                        Wilmington, DE 19899
                        (302) 658-9200
                        jblumenfeld@mnat.com
                        klouden@mnat.com
                        *Attorneys for Defendant*
                        *VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch, Esq.
Andrew M. Ollis, Esq.
Robert C. Nissen, Esq.
Eric W. Schweibenz, Esq.
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

June 21, 2007