IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC., <br> VIASYS MANUFACTURING INC., and <br> BIRD PRODUCTS CORPORATION, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 06-579 (JJF) |
| VERSAMED  MEDICAL SYSTEMS, INC., | ) <br> ) | |
| Defendant. | ) <br> ) <br> ) | |

## DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
## OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
## <u>PLAINTIFFS TO PRODUCE A PRIVILEGE LOG</u>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
*Attorneys for Defendant*
*VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

July 6, 2007

i.

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

SUMMARY OF ARGUMENT ......................................................................................... 3

STATEMENT OF FACTS ................................................................................................ 4

ARGUMENT ................................................................................................................... 5

I.      RULE  26  REQUIRES  PLAINTIFFS  TO  PROVIDE  A
        PRIVILEGE LOG FOR ALL DOCUMENTS WITHHELD THAT
        WOULD  OTHERWISE  BE  DISCOVERABLE,  INCLUDING
        COMMUNICATIONS INVOLVING "LITIGATION COUNSEL" ......................... 5

II.     COMMUNICATIONS INVOLVING "LITIGATION COUNSEL"
        ARE RELEVANT TO A NUMBER OF IMPORTANT ISSUES
        IN THIS CASE ................................................................................................ 7

CONCLUSION ................................................................................................................ 8

ii.

## TABLE OF CITATIONS

Page(s)

**CASES**

*Block Drug Co. v. Sedona Labs, Inc.*,
No. 06-350, 2007 U.S. Dist. LEXIS 29028 (D. Del. April 19, 2007) ......................................7

*Texas Capital Corp. v. Fleet Capital Corp.*,
No. 03-1605, 2004 U.S. Dist. LEXIS 11821 (E.D. Pa. June 14, 2004)....................................5

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
210 F.R.D. 100 (D. Del. 2002) ................................................................................5, 7

*U.S. v. Rockwell Int'l*,
897 F.2d 1255 (3$^d$ Cir. 1990)................................................................................6

*United States v. Workman*,
138 F.3d 1261 (8th Cir. 1998) ................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ................................................................................................3, 8

Fed. R. Civ. P. 26(b)(1)........................................................................................7

Fed. R. Civ. P. 26(b)(5)........................................................................................*passim*

Fed. R. Civ. P. 37 ................................................................................................1

Defendant VersaMed Medical Systems, Inc. ("VersaMed" or "Defendant") respectfully moves for an Order in accordance with Rule 37 to compel Plaintiffs Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation (collectively "Viasys" or "Plaintiffs") to produce a privilege log that lists all documents withheld from production that are responsive to VersaMed's discovery requests.

## NATURE AND STAGE OF PROCEEDINGS

Viasys filed this action on September 15, 2006, accusing VersaMed of infringing U.S. Patent No. 6,877,511 (the "'511 patent"). Discovery is currently ongoing.

On April 26, 2007 and May 11, 2007, Viasys served its responses to VersaMed's First and Second Requests for Production of Documents and Things, as well as VersaMed's First and Second Set of Interrogatories, respectively. In response to this discovery, Viasys produced approximately 80,000 pages of documents, a substantial portion of which relate to a prior patent infringement litigation in the United States District Court for the Central District of California involving, *inter alia*, Bird Products Corporation ("Bird") (one of the plaintiffs in this suit) and Douglas DeVries, the first named inventor of the patent-in-suit (the "DeVries litigation"). In its written responses to VersaMed's discovery, Viasys objected to numerous requests on the basis that the information and/or documents sought was privileged and/or constituted attorney work product.[1] Counsel for Viasys has confirmed that it is withholding documents based on a

---

[1]     Given the large number of interrogatories and document requests in this case, VersaMed only has attached a limited number of plaintiffs' responses to discovery to this brief as Exhibit 1. If the Court wishes to see all responses to which Plaintiffs have objected based on privilege and/or work product, VersaMed will provide those responses in their entirety.

blanket assertion of privilege and/or attorney work product and has refused to log any allegedly privileged documents that involve communications with "litigation counsel."[2] Exh. 2.

Viasys' failure to produce a privilege log that lists all responsive documents withheld from production, including communications with "litigation counsel," is impeding VersaMed's ability to obtain pertinent facts and develop its defenses in this litigation. Indeed, without such a privilege log from Viasys, VersaMed cannot evaluate whether the documents Viasys has withheld actually are privileged and/or constitute attorney work product. Moreover, in a previous litigation concerning a parent patent, Plaintiffs waived privilege by producing and relying upon attorney-client communications. Exh. 4. A privilege log in the present case is needed to ensure Plaintiffs are not withholding documents for which privilege has been waived.

The parties met and conferred on numerous occasions to resolve this dispute and were unable to reach agreement. Exh. 3. VersaMed thus has filed this motion to compel Viasys to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) that lists all responsive documents withheld from production, including communications with "litigation counsel." The Court should order Viasys to produce a privilege log that either (1) includes all allegedly privileged/attorney work product documents generated

---

[2]    Despite the fact that numerous attorneys and different law firms have represented Plaintiffs over the last several years, Viasys has never identified who constitutes "litigation counsel."

prior to the filing date of this action; or (2) includes all privileged/attorney work product documents generated to date.[3]

SUMMARY OF ARGUMENT

1.    Viasys is required under Fed. R. Civ. P. 26(b)(5) to produce a privilege log that lists all of the documents that Viasys is withholding based on its assertions of privilege and/or work product. Viasys' blanket assertions of privilege with respect to "litigation counsel" are inappropriate and leave VersaMed completely unable to determine the documents that have been withheld, the basis for the withholding, and whether Viasys' claims of privilege or work product protection are legitimate. Moreover, Plaintiffs' communications with "litigation counsel" are relevant to a number of important issues in this case, including the scope of Plaintiffs' privilege/work product waiver, claim construction, VersaMed's defenses of inequitable conduct, non-infringement and invalidity, as well as Plaintiffs' apparent failure to conduct a pre-filing investigation as required by Fed. R. Civ. P. 11.[4] Accordingly, Viasys should be compelled to produce a privilege log.

---

[3]    During multiple meet-and-confer telephone conferences, counsel for VersaMed proposed that if Plaintiffs believed that producing a privilege log would be unduly burdensome, VersaMed would agree to limit the parties' privilege logs to documents generated before the filing date of this action (i.e., September 15, 2006). Counsel for Viasys rejected this compromise. VersaMed remains willing to produce a privilege log pursuant to this compromise proposal or with no date exemption (i.e., logging all privileged/attorney work product documents generated to date). VersaMed has not yet produced its privilege log in light of Viasys' ongoing refusal to produce one. VersaMed will produce a privilege log consistent with the Court's order.

[4]    VersaMed has repeatedly requested Plaintiffs' Rule 11 basis for filing suit, and Plaintiffs have provided nothing. Moreover, Plaintiffs' interrogatory responses regarding its infringement allegations cite only documents produced by VersaMed in this litigation - - Plaintiffs cite no other documents or information of which they were aware prior to filing suit.

## STATEMENT OF FACTS

1.     On March 23, 2007 and April 11, 2007, VersaMed served its First and Second Requests for Production of Documents and Things, as well as its First and Second Set of Interrogatories, respectively.

2.     Viasys served its responses to these discovery requests on April 26, 2007 and May 11, 2007. Exh. 1.

3.     In response to VersaMed's discovery requests, Viasys produced approximately 80,000 pages of documents, a substantial portion of which relate to the DeVries litigation.   In the DeVries litigation, Bird alleged that DeVries and others infringed U.S. Patent No. 5,868,133 ("the '133 patent").  The '133 patent and the patent-in-suit share the same specification and describe identical subject matter.  The '133 patent is the "parent" of the patent-in-suit.  During the DeVries litigation, counsel for Bird voluntarily waived the attorney-client privilege and attorney work product by producing, *inter alia*, confidential communications between Bird's outside prosecution counsel and DeVries.[5]  Exh. 4.

4.     Viasys objected to numerous discovery requests on the basis that the information and/or documents sought allegedly are privileged and/or constitute attorney work product. Exh. 1.

5.     During multiple meet-and-confer telephone conferences, counsel for VersaMed proposed to limit the parties' privilege logs to documents generated before

---

[5]     DeVries is one of the named inventors of the patent-in-suit and purportedly worked for Bird at the time of the invention. Later, DeVries left Bird.

the filing date of this action (i.e., September 15, 2006), in order to minimize the burden of preparing the logs. Counsel for Viasys rejected this compromise. Exh. 3.

  6.  Counsel for Viasys confirmed that it is withholding documents based on a blanket assertion of privilege and/or attorney work product, but refused to provide a privilege log in connection with any communications involving "litigation counsel." Exh. 2.

ARGUMENT

I.  RULE 26 REQUIRES PLAINTIFFS TO PROVIDE A PRIVILEGE LOG FOR ALL RELEVANT DOCUMENTS WITHHELD FROM DISCOVERY, INCLUDING COMMUNICATIONS INVOLVING "LITIGATION COUNSEL"

  When a party withholds documents or other information based upon attorney-client privilege or work product immunity, the party must make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 106 n.9 (D. Del. 2002); *see also Texas Capital Corp. v. Fleet Capital Corp.*, 2004 U.S. Dist. LEXIS 11821, at *6 (E.D. Pa. June 14, 2004) (granting motion to compel a party to produce a privilege log). Indeed, Federal Rule of Civil Procedure 26(b)(5) states:

> When a party withholds information … by claiming that it is privileged … the party shall make the claim expressly and shall describe the nature of the documents, communications, or things … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).    The Third Circuit has held that "claims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion." *U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990).

VersaMed is entitled to a privilege log detailing all of the documents Viasys is withholding based on its assertion of privilege and/or work product.  Viasys' refusal to produce a privilege log for those documents involving "litigation counsel" is inappropriate and inconsistent with the clear requirements set forth in Fed. R. Civ. P. 26(b)(5).  Viasys cannot assert privilege and/or work product immunity for documents involving "litigation counsel" without substantiating its claims as required by Rule 26(b)(5).  Viasys' blanket assertions of privilege leaves VersaMed completely unable to determine which documents have been withheld, the basis for the withholding, and whether Viasys' claims are legitimate.    Indeed, by asserting unsubstantiated and unverifiable claims of privilege and/or work product over communications involving "litigation counsel," Viasys has arrogated to itself the power to determine the applicability of these privileges and/or immunities.  This is not the way that discovery under the Federal Rules is designed to function; it is the Court – not Viasys – which is vested with that authority.[6]

Accordingly, the Court should order Viasys to produce a privilege log that lists all responsive documents withheld from production, including communications with "litigation counsel."

---

[6]    Viasys' refusal to list communications involving "litigation counsel" on its privilege log is particularly troubling in view of the fact that its current attorneys, in response to various third party subpoenas served by VersaMed, have purportedly collected all relevant documents from a number of the law firms representing the parties in the DeVries litigation. Exh. 2.

II.    COMMUNICATIONS    INVOLVING    "LITIGATION
       COUNSEL" ARE RELEVANT TO A NUMBER OF
       IMPORTANT ISSUES IN THIS CASE

Discovery is liberally permitted under Fed. R. Civ. P. 26(b)(1). Parties

may obtain discovery regarding any matter not privileged, which is relevant to the claim

or defense of any party. *Block Drug Co. v. Sedona Labs, Inc.*, 2007 U.S. Dist. LEXIS

29028, at *5 (D. Del. April 19, 2007). Under the discovery rules, relevance is broader

than admissibility at trial, and the rules recognize that relevant information need not be

admissible at trial if the discovery appears to be reasonably calculated to lead to

admissible evidence. *Id.* Rule 26(b)(5) provides that a party withholding documents or

other information based upon a privilege or work product immunity <u>must</u> make the claim

expressly, and describe the nature of the documents, communications, or things not

produced or disclosed in a manner that will enable other parties to assess the applicability

of the privilege or protection. *Tulip Computers Int'l B.V.*, 210 F.R.D. at 106 n.9.

Here, discovery of communications involving "litigation counsel" is

reasonably calculated to lead to admissible evidence. By way of example, during the

DeVries litigation, counsel for Bird voluntarily waived the attorney-client privilege and

attorney work product by producing, *inter alia*, confidential communications between

Bird's outside prosecution counsel and DeVries. Exh. 4. VersaMed should be permitted

to investigate the scope of Plaintiffs' waiver to determine if additional documents should

be produced. Additionally, VersaMed will be placed at a severe disadvantage if Viasys is

permitted to cloak all communications involving "litigation counsel" under blanket

assertions of privilege and/or work product. *See, e.g., United States v. Workman*, 138

F.3d 1261, 1263 (8th Cir. 1998) (holding that a party "cannot selectively assert the

[attorney-client] privilege to block the introduction of information harmful to his case

after introducing other aspects of his conversation with [counsel] for his own benefit").

Moreover, such communications may lead to admissible evidence regarding VersaMed's

inequitable conduct defense. Specifically, VersaMed should be permitted to discover

information as to what occurred during prosecution of the patent-in-suit, *e.g.*, the

information Plaintiffs and their litigation counsel were aware of and when, what was and

was not disclosed to the Patent Office, and arguments made by the applicants to obtain

the patent. This information is also pertinent to, for example, claim construction. Lastly,

such communications may lead to admissible evidence regarding the issues of non-

infringement, invalidity, and Plaintiffs' apparent failure to conduct a pre-filing

investigation as required by Fed. R. Civ. P. 11. Ex. 5.

Accordingly, because communications involving "litigation counsel" are

relevant to a number of important issues in this case, the Court should order Viasys to

produce a privilege log that lists all relevant documents withheld from production.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to compel

and order Viasys to immediately produce a privilege log pursuant to Fed. R. Civ. P.

26(b)(5) that either (1) includes all allegedly privileged/attorney work product documents

generated up to the filing date of this action; or (2) includes all privileged/attorney work

product documents generated to date.

9.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
  *Attorneys for Defendant*
  *VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

July 6, 2007

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on July 6, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Tiffany Geyer Lydon
ASHBY & GEDDES

I also certify that copies were caused to be served on July 6, 2007 upon the following in the manner indicated:

**BY HAND**

Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

Jeffrey M. Olson
Sidley Austin LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA  90013

*/s/ Karen Jacobs Louden*
klouden@mnat.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIASYS RESPIRATORY CARE INC., | ) | Civil Action No. 06-579-JJF |
| VIASYS MANUFACTURING INC., and | ) | |
| BIRD PRODUCTS CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERSAMED MEDICAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VIASYS' RESPONSES TO VERSAMED'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO VIASYS (NOS. 1-61)

Plaintiffs, Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation ("Viasys") hereby respond to Defendant, Versamed Medical Systems, Inc.'s ("Versamed"), First Request for Production of Documents and Things To Viasys (Nos. 1-61) as set forth below.

## PRELIMINARY STATEMENT, RESERVATION OF RIGHTS, AND GENERAL OBJECTIONS

1.     Viasys objects to the requests on the grounds and to the extent that they are premature given that discovery and investigation into pertinent issues is ongoing. Viasys and Versamed have not concluded their investigation of the facts relating to this case or conducted formal discovery. Accordingly, there may exist information and documents responsive to Versamed's current document requests of which Viasys does not yet have knowledge or has not located, identified or reviewed. All of the following responses are therefore based only on such information and documents that are currently known or available to Viasys. Upon further

investigation, Viasys reserve the right alter, amend, or supplement certain facts or information set forth in the following responses.

2.     Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents or things which are outside the permissible scope of discovery in this action, are not relevant to the subject matter of this action, and are not reasonably calculated to lead to the discovery of admissible evidence in this action.

3.     Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents or things which are not available to Viasys or which are not available to Viasys after reasonable and appropriate inquiry of third parties.

4.     Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents or things which reflect or constitute, in full or in part, a confidential communication between attorney and client which is protected from disclosure by the attorney-client privilege.

5.     Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents or things which were prepared in anticipation of litigation or for trial by or on behalf of Viasys, or which contain or embody the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Viasys concerning this action, which is protected from disclosure by the work product doctrine.

6.     Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents or things which would subject Viasys to annoyance, oppression, or undue burden or expense.

7.    Viasys objects to Versamed's requests on the grounds and to the extent that they contain vague, indefinite, ambiguous and/or overly broad terms that render the request incapable of being responded to in a reasonable fashion.

8.    Viasys objects to Versamed's requests on the grounds and to the extent that they seek documents, things or other information, the discovery of which would require the Viasys to take action beyond:  (a) a reasonable and thorough search for documents maintained in Viasys' possession, custody or control, in locations where such documents are most likely to be found; and/or, (b) a reasonable and thorough inquiry of those persons presently employed by Viasys most likely to possess the documents or other information sought.

9.    Viasys objects to Versamed's requests to the extent the requests purport to require Viasys to produce public documents which are available to Versamed through other reasonable means.  Viasys objects generally to each and every document request to the extent it seeks documents already in possession, custody or control of Versamed.

10.    Viasys objects to the definitions and instructions contained in the preamble to Versamed's requests to the extent the requests conflict with or impose requirements different from those set forth in the Federal Rules of Civil Procedure.

11.    Viasys objects generally to each and every request as overly broad, unduly burdensome, cumulative and duplicative to the extent that it seeks the production of "any," "each" or "all" documents of a specified type or nature, when a limited number of such documents will provide the requested information.  Viasys further objects generally to each and every request as overly broad, vague, and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities, objects, or events.

12.     Viasys objects generally to each request to the extent it calls for information "relating to" a particular person, entity, object, or subject matter as ambiguous, cumulative and duplicative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objection or any other general or specific objections hereinafter stated, Viasys will, with respect to each such document request, produce copies of or make available for inspection and copying only those documents that on their face relate to the subject matter of this litigation and are reasonably calculated to lead to the discovery of admissible evidence, to the extent such documents exist and have not been previously produced or made available to Versamed and are not objected to on other grounds.

13.     Viasys objects generally to the definitions propounded by Versamed.  By attempting to respond to the requests as they reasonably understand them, Viasys in no way accede to the definitions set forth by Versamed.  Nothing contained herein shall be construed as an admission or acknowledgement by Viasys as to the accuracy of the definitions adopted by Versamed.

14.     Nothing contained herein shall be construed as an admission by Viasys relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting the relevance or admissibility of any information or document or the truth or accuracy of any statement or characterization contained in any request.

15.     Viasys reserves the right to supplement or amend these responses after discovery and/or investigation of pertinent issues is completed.

## OBJECTIONS AND RESPONSES TO REQUESTS

Each and all of the foregoing General Objections are incorporated by reference into each Specific Response. Nevertheless, subject to and without waiving any of the foregoing, and in a good faith effort to respond to Defendant's First Request for Production of Documents and Things to Plaintiffs Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation (Nos. 1-61), Viasys makes the following responses:

**REQUEST NO. 1:**

All documents and things relating to or concerning the '511 Patent, any Related Patent, any Related Patent Application and any foreign counterparts.

**RESPONSE TO REQUEST NO. 1:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 2:**

All documents and things relating to or concerning Versamed, and any product, device, apparatus or system made, used, sold, offered for sale or imported in the U.S. by Versamed.

**RESPONSE TO REQUEST NO. 2:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence in that, *inter alia*, it seeks "all documents" relating to Versamed and any Versamed product without regard to potential relevance to the subject matter of this case. Additionally, Viasys

objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.  Viasys further objects to this request to the extent it seeks documents already in the possession, custody or control of Versamed.  Without waiving its objections, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 3:**

All documents and things relating to or concerning ownership, licensing, offer to license, assignment, transfer, pledge or security interest in the '511 Patent, any Related Patent and any Related Patent Application, including, but not limited to, any agreement, license, assignment or transfer negotiated, considered, or offered by Plaintiffs, irrespective of whether such license, agreement, assignment or transfer was consummated or executed.

**RESPONSE TO REQUEST NO. 3:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.  Without waiving its objections, Viasys has already produced documents responsive to this request.  Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 4:**

All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent.

**RESPONSE TO REQUEST NO. 4:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 5:**

All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent.

**RESPONSE TO REQUEST NO. 5:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that

would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO 6:**

All documents and things relating to or concerning the search for, preparation, filing, prosecution or issuance of the '511 Patent, any Related Patent and any Related Patent Application.

**RESPONSE TO REQUEST NO. 6:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Viasys further objects to this request as vague and ambiguous in that, *inter alia*, it seeks documents relating to "the search for ... the '511 patent" and related patents and applications. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5. Without waiving its objections, Viasys has already produced documents responsive to this request.

**REQUEST NO. 7:**

All documents and things relating to or concerning the search for, gathering, collecting, identification and analysis of any prior art cited to the U.S. Patent and Trademark Office in connection with the application that led to the issuance of the '511 Patent, and any Related Patent, or cited in connection with any Related Patent Application.

**RESPONSE TO REQUEST NO. 7:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information

which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 8:**

All documents and things relating to or concerning the gathering, collecting, identification and analysis of any prior art considered and not cited to the U.S. Patent and Trademark Office in connection with the application that led to the issuance of the '511 Patent and any Related Patent, or considered in connection with any Related Patent Application.

**RESPONSE TO REQUEST NO. 8:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 9:**

All documents and things constituting, relating to or concerning any prior art relevant to the '511 Patent.

**RESPONSE TO REQUEST NO. 9:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence in seeking, *inter alia*, "all documents ... relating to... any prior art relevant to the '511 patent." Additionally, Viasys objects to this request on the grounds and to the extent that the

request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 10:**

All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, any Related Patent and any Related Patent Application.

**RESPONSE TO REQUEST NO. 10:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 11:**

All documents and things relating to or concerning the construction, meaning and/or interpretation of any limitation or element of any claim(s) of the '511 Patent, any Related Patent and any Related Patent Application.

**RESPONSE TO REQUEST NO. 11:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Without waiving its objections, Viasys has already produced documents responsive to this request.

**REQUEST NO. 12:**

All documents and things relating to or concerning any alleged objective evidence of nonobviousness (e.g., commercial success, failure of others, copying or long-felt need) of the subject matter claimed in the '511 Patent.

**RESPONSE TO REQUEST NO. 12:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 13:**

All documents and things concerning all products, models or prototypes identified in response to Interrogatory No. 1 in Versamed's First Set of Interrogatories, served concurrently herewith.

**RESPONSE TO REQUEST NO. 13:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous.  Viasys further objects to the extent the request seeks documents already in possession, custody or control of Versamed.  Viasys reserves the right to identify additional products during the course of discovery.  Without waiving its objections, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 14:**

All documents and things concerning any product Plaintiffs believe to be covered by any claim(s) of the '511 Patent.

**RESPONSE TO REQUEST NO. 14:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome in that it seeks, *inter alia*, "all documents and things concerning" various products.  Viasys reserves the right to identify additional products during the course of discovery.  Without waiving its objections, Viasys has already produced documents responsive to this request.  Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 15:**

All documents and things relating to or concerning any analysis or testing of any Versamed product, device, apparatus or system allegedly covered by any claim of the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 15:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 16:**

All documents and things relating to or concerning any publication, disclosure, use, demonstration, display, advertising, distribution, experimentation, commercial exploitation, sale, or offer for sale of any subject matter shown, described or claimed in the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 16:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome to the extent that it seeks, *inter alia*, all documents relating to "any publication, disclosure, use, demonstration, display, advertising, distribution, experimentation, commercial exploitation, sale, or offer for sale of any subject matter shown, described or claimed in the '511 Patent..." at any time. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 17:**

All documents and things relating to or concerning any seminars, speeches, presentations, lectures or talks given by any person employed or retained by, affiliated with, or under authority or grant from Plaintiffs or any license thereof, regarding any subject matter shown, described or claimed in the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 17:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 18:**

All documents and things relating to or concerning papers, articles or other publications by any person employed or retained by, affiliated with, or under authority or grant from Plaintiffs, regarding any subject matter claimed or disclosed in the '511 Patent, any Related Patent or any Related Patent Application, including but not limited to all drafts and final versions of any such materials and any memoranda or correspondence between any co-authors or other persons concerning either the work reflected in the materials or the publications themselves.

**RESPONSE TO REQUEST NO. 18:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information

which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 19:**

All documents and things relating to or concerning any instance in which Plaintiffs or any representative of Plaintiffs analyzed, reviewed, inspected or tested any Versamed product, device, apparatus or system, whether accused of infringement or not, or conducted an element-by-element comparison of any claim(s) of the '511 Patent, or any Related Patent or any Related Patent Application to any Versamed product, device, apparatus or system, whether accused of infringement or not.

**RESPONSE TO REQUEST NO. 19:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action, specifically in seeking information regarding any Versamed product, whether or not related in any way to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 20:**

All documents and things relating to or concerning any instance in which Plaintiffs or any representative of Plaintiffs analyzed, reviewed, inspected, tested or observed any product, device, apparatus or system other than Versamed's for the purpose of determining whether such products

infringe the '511 Patent, or any Related Patent, or conducted an element-by-element comparison of any claim(s) of the '511 Patent or any Related Patent or any Related Patent Application to any product, device, apparatus or system other than Versamed's, whether accused of infringement or not.

**RESPONSE TO REQUEST NO. 20:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 21:**

All documents and things relating to or concerning Plaintiffs' pre-filing investigation for this lawsuit, to determine whether any product, device, apparatus or system manufactured, sold, or offered for sale by Versamed infringes the '511 Patent.

**RESPONSE TO REQUEST NO. 21:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for

documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 22:**

Documents sufficient to identify the date on which Plaintiffs first learned of Versamed's alleged infringement of the '511 Patent.

**RESPONSE TO REQUEST NO. 22:**

Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 23:**

Documents sufficient to identify the date on which Plaintiffs contend that Versamed was first put on notice of Plaintiffs' allegation of infringement of the '511 Patent within the meaning of 35 U.S.C. § 287.

**RESPONSE TO REQUEST NO. 23:**

Viasys objects to this request to the extent it seeks documents already in possession, custody or control of Versamed. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 24**:

All documents and things relating to or concerning any sale or offer for sale by Plaintiffs, or any licensee, of any product covered by or believed to be covered by any claim of the '511 Patent.

**RESPONSE TO REQUEST NO. 24:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks all documents relating to "any sale or offer for sale ... of any product ... covered by any claim of the '511 patent." Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys will produce documents reasonably responsive to this request.

**REQUEST NO. 25**:

All documents and things relating to or concerning communications Plaintiffs have had with any person or entity regarding Versamed or any Versamed product, device, apparatus or system.

**RESPONSE TO REQUEST NO. 25:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks all documents relating to all communications "with any person or entity regarding Versamed or any Versamed product, device, apparatus or system." Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys

further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 26:**

All documents and things Plaintiffs relied upon, reviewed, obtained, considered, or generated in preparing the Complaint in this action.

**RESPONSE TO REQUEST NO. 26:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Without waiving its objections, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 27:**

All documents and things Plaintiffs have relied upon or intend to rely upon in support of any claim or defense in this action.

**RESPONSE TO REQUEST NO. 27:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Without waiving its objections, Viasys has already produced documents responsive to this request. Viasys will produce additional documents reasonably responsive to this request, if any, as they are found.

**REQUEST NO. 28:**

All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 28:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5. Without waiving its objections, Viasys has already produced documents responsive to this request.

**REQUEST NO. 29:**

All documents and things relating to or concerning any oral or written opinions regarding patentability, unpatentability, enforceability, unenforceability, validity, invalidity, infringement or noninfringement of any of the claim(s) of the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 29:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5. Without waiving its objections, Viasys has already produced documents responsive to this request.

**REQUEST NO. 30:**

All documents and things relating to or concerning any opposition proceeding, interference, reexamination, reissue, nullity proceeding, revocation proceeding, arbitration, conflict or dispute involving the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 30:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 31:**

All documents and things relating to or concerning any notice given by Plaintiffs or by others concerning alleged infringement of the '511 Patent or any Related Patent, including without limitation, any cease and desist letter, threat of litigation, or notification of the existence of the '511 Patent Related Patent.

**RESPONSE TO REQUEST NO. 31:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for

documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 32:**

All transcripts (including without limitation any exhibits thereto and any recording of such transcripts by electronic, computer, audio-visual or other means) of depositions, affidavits, or any other transcribed testimony taken or produced in any prior or contemporaneous proceeding, dispute or litigation (including without limitation any proceedings before the United States Patent and Trademark Office) concerning the '511 Patent or any Related Patent.

**RESPONSE TO REQUEST NO. 32:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.  Without waiving its objections, Viasys has already produced documents responsive to this request.  Viasys will produce additional documents reasonably responsive to this request.

**REQUEST NO. 33:**

All documents and things relating to or concerning any settlement, compromise agreement or other disposition of any prior or contemporaneous proceeding, dispute or litigation (including without limitation any proceedings before the United State Patent and Trademark Office) concerning the '511 Patent, any Related Patent or any Related Patent Application.

**RESPONSE TO REQUEST NO. 33:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 34:**

All documents and things relating to, concerning or describing Plaintiffs' record retention, storage, disposal or destruction policy.

**RESPONSE TO REQUEST NO. 34:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 35:**

Organizational charts or comparable documents sufficient to identify names, job titles and duties of any person associated with Plaintiffs having responsibilities relating to the development, manufacture, sale, and/or research of portable compressor powered mechanical ventilators.

**RESPONSE TO REQUEST NO. 35:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys will produce documents reasonably responsive, if any.

**REQUEST NO. 36:**

All documents and things concerning any aspect of the United States market for any product, device, apparatus or system that Plaintiffs contend is covered by any claim(s) of the '511 Patent, including but not limited to market potential, market size, market shares, market segments, and current and anticipated trends affecting demand for any such products.

**RESPONSE TO REQUEST NO. 36:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 37:**

All documents and things concerning or tending to support or tending to refute the allegation that Defendant's activities constitute willful and deliberate infringement of the '511 Patent.

**RESPONSE TO REQUEST NO. 37:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous. Viasys further objects to this request to the extent it seeks documents and information already in the possession, custody or control of Versamed.

**REQUEST NO. 38:**

All documents and things concerning any allegedly established royalty rate or industry royalty rate for any product allegedly covered by, or comparable to any product allegedly covered by the '511 Patent.

**RESPONSE TO REQUEST NO. 38:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous. Viasys further objects to this request to the extent that it prematurely seeks discovery of expert testimony in violation of the Court's scheduling order.

**REQUEST NO. 39:**

Documents sufficient to identify the location and identify of Plaintiffs' electronic databases, data storage and email storage facilities, systems or devices.

**RESPONSE TO REQUEST NO. 39:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the

request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 40:**

All documents setting forth Plaintiffs' patent and intellectual property policies and practices.

**RESPONSE TO REQUEST NO. 40:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request to the extent that it calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 41:**

All documents relating to any or all of the subjects encompassed by the 15 factors identified in the case of *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) as being relevant to the determination of the amount of a reasonable royalty for the '511 Patent.

**RESPONSE TO REQUEST NO. 41:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Viasys further objects to this request to the extent that it prematurely seeks discovery of expert testimony in violation of the Court's scheduling order.

**REQUEST NO 42:**

All documents and things concerning pricing, including, but not limited to, price lists, price discounts, rebates, credit terms, billing terms, and other sales incentives offered by Plaintiffs with respect to any commercial embodiment of the subject matter claimed in the '511 patent.

**RESPONSE TO REQUEST NO. 42:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 43:**

Documents sufficient to show total revenue generated in the Untied States, on a product by product basis, for all products identified in response to Versamed's Interrogatory No. 2.

**RESPONSE TO REQUEST NO. 43:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 44:**

Documents sufficient to show the percentage of Plaintiffs' overall sales that are comprised of sales of commercial embodiments of the subject matter claimed in the '511 Patent.

**RESPONSE TO REQUEST NO. 44:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 45:**

All financial statements of Plaintiffs, including, without limitation, all monthly, quarterly and annual reports, audited statements and statements prepared by or for banks, prospective investors or any governmental entity.

**RESPONSE TO REQUEST NO. 45:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 46:**

Documents sufficient to identify all products marketed or sold in conjunction with or arising from any product that Plaintiffs contend is covered by any claim of the '511 Patent.

**RESPONSE TO REQUEST NO. 46:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the

request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 47:**

Documents sufficient to identify all competitors with Plaintiffs for each of Plaintiffs' ventilator products that Plaintiffs contend is covered by any claim of the '511 Patent.

**RESPONSE TO REQUEST NO. 47:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 48:**

All documents and things concerning any competitive analysis for any product that Plaintiffs contend is covered by any claim of the '511 Patent.

**RESPONSE TO REQUEST NO. 48:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 49:**

All documents and things relating to or concerning Aviation Medical Systems, and any product, device, apparatus or system made, used, sold, offered for sale or imported into the U.S. by Aviation Medical Systems.

**RESPONSE TO REQUEST NO. 49:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 50:**

All documents and things concerning sales for any product that Plaintiffs contend is covered by any claim of the '511 Patent.

**RESPONSE TO REQUEST NO. 50:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Viasys further objects to this request as entirely duplicative of request 15 above. Viasys reserves the right to supplement or amend the products it believes embodies the '511 patent. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be

protected by attorney-client privilege or the work product doctrine, as described in General

Objection No. 4 and 5.

**REQUEST NO. 51:**

All documents and things concerning the visit of representatives of Aviation Medical

Systems (including, but not limited to, Mr. Geffin) to Bird Products Corporation on or around

March 1, 1996.

**RESPONSE TO REQUEST NO. 51:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence. Additionally,

Viasys objects to this request on the grounds and to the extent that the request seeks information

which is outside the permissible scope of discovery in this action and is not relevant to the

subject matter of this action.

**REQUEST NO. 52:**

All documents and things concerning any direct competition between Versamed and Bird

Products Corporation or Viasys Respiratory Care Inc. or Viasys Manufacturing Inc.

**RESPONSE TO REQUEST NO. 52:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome,

unbounded in time, vague and ambiguous, and it is not reasonably calculated to lead to the

discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds

and to the extent that the request seeks information which is outside the permissible scope of

discovery in this action and is not relevant to the subject matter of this action. Viasys further

objects to the extent the request calls for documents that would be protected by attorney-client

privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 53:**

All documents and things concerning the Tbird product identified in Plaintiffs' Rule 26(a) Initial Disclosures served on March 12, 2007.

**RESPONSE TO REQUEST NO. 53:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in seeking "all documents and things concerning the Tbird product." Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 54:**

All documents and things concerning the Vela product identified in Plaintiffs' Rule 26(a) Initial Disclosures served on March 12, 2007.

**RESPONSE TO REQUEST NO. 54:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in seeking "all documents and things concerning the Vela product." Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to

this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 55:**

All documents and things concerning the knowledge of the named inventors on the '511 Patent with respect to continuous positive airway pressure (CPAP) products sold in the United States prior to October 14, 1994.

**RESPONSE TO REQUEST NO. 55:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action, not known to Viasys, and is not relevant to the subject matter of this action. Viasys further objects to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 56:**

All documents and things concerning the knowledge of the named inventors on the '511 Patent with respect to bi-level positive airway pressure (BiPAP) products sold in the United States prior to October 14, 1994.

**RESPONSE TO REQUEST NO. 56:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information

which is outside the permissible scope of discovery in this action, not know to Viasys, and is not relevant to the subject matter of this action. Viasys further objects to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 57:**

All documents and things concerning when Plaintiffs first learned of Versamed's entry into the ventilator market.

**RESPONSE TO REQUEST NO. 57:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action.

**REQUEST NO. 58:**

All documents and things produced or otherwise relating to or concerning any litigation or potential litigation involving U.S. Patent No. 5,868,133, the '511 patent, any Related Patent, Related Patent Application, or any foreign counterparts relating thereto.

**RESPONSE TO REQUEST NO. 58:**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced

documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 59:**

All documents and things concerning market analyses, sales analyses, marketing plans, marketing strategies, market research, forecasts of sales or demand, business plans, development plans, and consumer research or surveys or other evaluation relating to the U.S. market for portable compressor powered mechanical ventilators.

**RESPONSE TO REQUEST NO. 59**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome, unbounded in time, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Viasys objects to this request on the grounds and to the extent that the request seeks information which is outside the permissible scope of discovery in this action and is not relevant to the subject matter of this action. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive, if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

**REQUEST NO. 60:**

All documents and things referring to the level of knowledge, schooling, expertise, or relevant technical skill required of a person having ordinary skill in the art to use or practice the invention claimed in the '511 Patent when the application for the '511 Patent was filed.

**RESPONSE TO REQUEST NO. 60**

Viasys objects to this request to the extent that it is overly broad and unduly burdensome. Viasys further objects to this request to the extent that it prematurely seeks discovery of expert testimony in violation of the Court's scheduling order. Viasys further objects to this request to the extent it seeks documents already in the possession, custody or control of Versamed. Without waiving its objections, Viasys has already produced documents responsive to this request.

**REQUEST NO. 61:**

All documents and things that Plaintiffs have been requested to identify, or that Plaintiffs have identified, referenced, or in any way considered, by responding to Versamed's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 61**

Viasys incorporates herein the objections asserted by it with respect to Versamed's First Set of Interrogatories and objects to this request to the extent that it is overly broad and unduly burdensome for the same reasons identified in its objections to Versamed's First Set of Interrogatories. Without waiving its objections, Viasys has already produced documents responsive to this request. Additionally, Viasys will produce documents reasonably responsive,

if any, except to the extent the request calls for documents that would be protected by attorney-client privilege or the work product doctrine, as described in General Objection No. 4 and 5.

Respectfully submitted,

SIDLEY AUSTIN LLP

Dated: April 26, 2007                    By: _____

Jeffrey M. Olson, Esq.
Matthew S. Jorgenson, Esq.
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

Steven J. Balick (I.D. #2114 )
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I caused true and correct copies of the foregoing

**VIASYS' RESPONSES TO VERSAMED'S FIRST REQUEST FOR PRODUCTION OF**

**DOCUMENTS AND THINGS TO VIASYS (NOS. 1-61)** to be served by PDF and first class

mail delivery to:

Jack Blumenfeld, Esq. (jblumenfeld@mnat.com)
Karen Jacobs Louden, Esq. (jklefiling@mnat.com)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, Delaware 19801


Steve P. Weihrouch, Esq. (sweihrouch@oblon.com)
Andrew M. Ollis, Esq. (aollis@oblon.com)
Robert C. Nissen, Esq. (rnissen@oblon.com)
Eric W. Schweibenz, Esq. (eschweibenz@oblon.com)
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
1940 Duke Street
Alexandria, Virginia 22314


Executed on April 26, 2007, in Los Angeles, California 90013. I declare under penalty of

perjury that the foregoing is true and correct.


Nancy L. Gregg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC.,           )
VIASYS MANUFACTURING INC., and          )
BIRD PRODUCTS CORPORATION,              )
                                        )
                Plaintiffs,             )        C.A. No. 06-579-JJF
                                        )
        v.                              )
                                        )
VERSAMED MEDICAL SYSTEMS, INC.,         )
                                        )
                Defendant.              )

## VIASYS' RESPONSES TO VERSAMED'S SECOND SET OF INTERROGATORIES (NOS. 8-12)

Plaintiffs, Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation ("Viasys"), hereby respond to Defendant Versamed Medical Systems, Inc.'s ("Versamed") Second Set of Interrogatories (Nos. 8-12) as set forth below.

Viasys incorporates by reference its General Objections set forth in its responses to Versamed's First Set of Interrogatories (Nos. 1-7) as if set forth fully herein.

Viasys has answered these interrogatories by conducting a thorough, reasonable and appropriate review of information maintained by Viasys for information responsive to these interrogatories where such information is most likely to be found and Viasys has spoken to those persons most likely to have knowledge of the information sought.

Viasys reserves the right to supplement or amend these responses after discovery and/or investigation of pertinent issues is completed.

Subject to and without waiving the foregoing, Viasys responds to the specific interrogatories as follows:

**INTERROGATORY NO. 8**

Identify every instance in which Plaintiffs analyzed, reviewed, inspected or tested any Versamed product (including, but not limited to, the SmartVent 201 and the iVent 201), device, apparatus or system, or conducted an element-by-element comparison of any claim(s) of the '511 Patent or any Related Patent or the claims of any Related Patent Application, with any Versamed product, device, apparatus or system, stating the date and place of each such analysis, review, inspection or test, a description of the results thereof, the names of all persons involved in such analysis, review, inspection or test, and identify all documents referring or relating thereto.

**RESPONSE TO INTERROGATORY NO. 8**

Viasys asserts the Scope Objection, Privilege Objection, Work Product Objection and Vagueness Objection. Specifically, Viasys objects to this interrogatory as calling information that is clearly protected by the attorney-client privilege and/or work product doctrine in that it seeks discovery of information relating to investigations of patent infringement, which are activities typically performed by attorneys or others at the direction of attorneys. Moreover, certain analyses, inspections or testing of Versamed products which may or may not have occurred in the past may be entirely irrelevant to the question of infringement and to the other claims and defenses presently asserted in this case. Viasys further objects to this interrogatory as containing multiple interrogatories.

Viasys reserves the right to supplement or revise this response as appropriate.

2

**INTERROGATORY NO. 9**

Explain in detail the construction, meaning and interpretation that Plaintiffs contend should be given to each limitation or element of each asserted claim of the '511 Patent, and identify with particularity the specific language, portions of the specification, portions of the prosecution history, or extrinsic evidence, if any, upon which Plaintiffs rely or intend to rely upon such construction.

**RESPONSE TO INTERROGATORY NO. 9**

Viasys asserts the Prematurity Objection, Vagueness Objection and Burden Objection. Viasys further objects to this interrogatory as containing multiple interrogatories.

In addition to its General Objections, Viasys objects to this interrogatory as premature in that the Court has established a schedule for the resolution of claim construction issues, including the discovery of expert opinions. Viasys further objects to this interrogatory as premature in that it seeks information before Viasys has had an opportunity to conduct meaningful discovery. Additionally, Versamed has refused to answer a similar interrogatory previously propounded to it by Viasys on prematurity grounds. Viasys further objects to this interrogatory to the extent that it seeks to require Viasys to construe claim terms, which is a purely legal function for the Court, and seeks to require Viasys to construe each element of each claim, which is unnecessary.

Without waiver of, or prejudice to any of the foregoing objections, Viasys will supplement its response to this interrogatory, as appropriate, as part of an orderly exchange of claim construction contentions in the future.

**INTERROGATORY NO. 10**

Identify the three persons, whether or not employed by Plaintiffs, who are most knowledgeable regarding the research, design, development, manufacture, regulatory approval, and standards relating to the performance of any productions, models or prototypes identified in response to Versamed's Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 10**

Viasys asserts the Vagueness Objection, the Burden Objection, and the Scope Objection. Viasys further objects to this interrogatory as seeking information outside the permissible scope of discovery and imposing obligations beyond those required under the Federal Rules of Civil Procedure in requiring Viasys to identify the exact three individuals with the most knowledge regarding broad, vague and overlapping subject areas. Similarly, Viasys objects to the extent this interrogatory purports to require Viasys to evaluate and speculate regarding the quality and quantity of the knowledge of third parties. Viasys in addition objects to this interrogatory as containing multiple interrogatories.

Without waiver of or prejudice to any of the foregoing objections, Viasys answers that the following individuals are believed to be knowledgeable regarding one or more of the subjects identified above: The named inventors of the '511 patent, Tom Westfall and Rebecca Mabry.

Viasys reserves the right to supplement or revise this response as appropriate.

**INTERROGATORY NO. 11**

Identify the three persons, whether or not employed by Plaintiffs, who are most knowledgeable regarding Versamed's alleged infringement of the '511 Patent (including any tests, comparisons, analyses, or reports in any form regarding Versamed's alleged infringement of the '511 Patent), the alleged infringement of the '511 Patent by any person or entity other than Versamed, litigation and other inter-parties or ex-parte proceedings (judicial administrative, or otherwise), involving the '511 Patent or any Related Patent, inventorship of the '511 Patent, and prosecution of the applications that led to the issuance of the '511 Patent, any Related Patents and any Related Patent Applications.

**RESPONSE TO INTERROGATORY NO. 11**

Viasys asserts the Vagueness Objection, Privilege Objection, Work Product Objection Burden Objection and the Scope Objection. Viasys further objects to this interrogatory as seeking information outside the permissible scope of discovery and imposing obligations beyond those required under the Federal Rules of Civil Procedure in requiring Viasys to identify the exact three individuals with the most knowledge regarding broad, vague and overlapping subject areas. Similarly, Viasys objects to the extent this interrogatory purports to require Viasys to evaluate and speculate regarding the quality and quantity of the knowledge of third parties. Viasys further objects to this interrogatory to the extent that it seeks information that is not relevant to this case and not reasonably calculated to lead to the discovery of admissible evidence. Viasys further objects to this interrogatory to the extent that it seeks to discovery the quality and content of the knowledge of its attorneys, which is protected by the attorney-client privilege and/or work product doctrine. Viasys in addition objects to this interrogatory as containing multiple interrogatories.

5

Without waiver of or prejudice to any of the foregoing objections, Viasys answers that the following individuals are believed to be knowledgeable regarding one or more of the subjects identified above: The named inventors of the '511 patent and Tom Westfall. Additionally, Kit Stetina, an attorney for Viasys, was involved in the prosecution of the '511 patent and other related patents. Viasys is presently unaware of any proceedings, other than the present case, involving the '511 patent.

Viasys reserves the right to supplement its response to this interrogatory as information becomes available.

## INTERROGATORY NO. 12

Identify, for every product identified in response to Versamed's Interrogatory No. 2, whether such product was ever marked with the number of the '511 Patent, the location of the marking on the product, the date of first marking on the product, and the time period as to which such products were marked, and state for each product whether any such products were sold in the United States without such marking, and identify any and all documents related to such marking.

## RESPONSE TO INTERROGATORY NO. 12

Viasys asserts the Vagueness Objection and the Scope Objection. Viasys in addition objects to this interrogatory as containing multiple interrogatories.

Viasys does not believe that any of its products have ever been marked with the number of the '511 patent.

Viasys reserves the right to supplement or revise its response to this interrogatory as appropriate.

ASHBY & GEDDES

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs*

*Of Counsel:*

Jeffrey M. Olson
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
(213) 896-6000

Dated: May 11, 2007
180497.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2007, the attached **VIASYS' RESPONSES**

**TO VERSAMED'S SECOND SET OF INTERROGATORIES (NOS. 8-12)** was served upon

the below-named counsel of record at the addresses and in the manner indicated:

Jack B. Blumenfeld, Esquire                                           HAND DELIVERY
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899


Steven P. Weihrouch, Esquire                                         VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314


Lauren E. Maguire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC.,    )
VIASYS MANUFACTURING INC., and    )
BIRD PRODUCTS CORPORATION,    )
    )
    Plaintiffs,    )    C.A. No. 06-579-JJF
    )
    v.    )
    )
VERSAMED MEDICAL SYSTEMS, INC.,    )
    )
    Defendant.    )

## NOTICE OF SERVICE

The undersigned hereby certifies that on the 11th day of May, 2007, **VIASYS'**

**RESPONSES TO VERSAMED'S SECOND SET OF INTERROGATORIES (NOS. 8-12)**

was served upon the following counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                    HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven P. Weihrouch, Esquire                 VIA ELECTRONIC MAIL
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Jeffrey M. Olson
Paul H. Meier
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

Dated: May 11, 2007
176706.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of May, 2007, the attached **NOTICE OF SERVICE**

was served upon the below-named counsel of record at the addresses and in the manner

indicated:


Jack B. Blumenfeld, Esquire                                        <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven P. Weihrouch, Esquire                                     <u>VIA ELECTRONIC MAIL</u>
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314


*/s/ Lauren E. Maguire*
_____

Lauren E. Maguire

**Discovery Documents**

1:06-cv-00579-JJF Viasys Respiratory Care Inc. et al v. VersaMed Medical Systems Inc.
PATENT

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Maguire, Lauren on 5/11/2007 at 8:43 PM EDT and filed on 5/11/2007

| | |
|---|---|
| **Case Name:** | Viasys Respiratory Care Inc. et al v. VersaMed Medical Systems Inc. |
| **Case Number:** | 1:06-cv-579 |
| **Filer:** | Viasys Respiratory Care Inc. |
| | Viasys Manufacturing Inc. |
| | Bird Products Corporation |

**Document Number:** 42

**Docket Text:**
NOTICE OF SERVICE of Responses to Versamed's Second Set of Interrogatories (Nos. 8-12) by Viasys Respiratory Care Inc., Viasys Manufacturing Inc., Bird Products Corporation.(Maguire, Lauren)

**1:06-cv-579 Notice has been electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com

Jack B. Blumenfeld    jbbefiling@mnat.com

John G. Day    jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com

Matthew S. Jorgenson    mjorgenson@sidley.com

Karen Jacobs Louden    kjlefiling@mnat.com

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Andrew M. Ollis    aollis@oblon.com

Jeffrey M. Olson    jolson@sidley.com

Steven P. Weihrouch    sweihrouch@oblon.com

**1:06-cv-579 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/11/2007] [FileNumber=386637-0]
[ddb17e8d18f9c14d17933d32b0d785172a161184633f25cf1fd2935acaef6c9dc1d3
bf96a8ccb802e7d3cd42e1638b5e0988b32dd0b3e50f774e6bf82f81937e]]

EXHIBIT 2



SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING          GENEVA          SAN FRANCISCO
BRUSSELS         HONG KONG       SHANGHAI
CHICAGO          LONDON          SINGAPORE
DALLAS           LOS ANGELES     TOKYO
FRANKFURT        NEW YORK        WASHINGTON, DC

FOUNDED 1866

May 31, 2007

Eric W. Schweibenz, Esq.                    <u>VIA PDF and FEDERAL EXPRESS</u>
**OBLON SPIVAK McCLELLAND MAIER**
**& NEUSTADT, P.C.**
1940 Duke Street
Alexandria, Virginia 22314

     Re:    Viasys Respiratory Care, Inc. et al. v. Versamed Medical Systems, Inc.
            Case No. 06-CV-579

Dear Eric:

    I am writing in response to your May 15, 2007 letter and Rob Nissen's May 21, 2007 letter, and to follow up on issues discussed during our May 21, 2007 conference call.

**Versamed's Interrogatory 8**

    Viasys maintains its objections to this interrogatory and reiterates its response. Pre-filing investigations conducted by or at the direction of attorneys, and all communications between and amongst attorneys and clients relating thereto, are protected by the work product doctrine and attorney-client privilege. Moreover, we fail to see how the issue of pre-filing investigations is relevant to the merits of any issue presently pending in this case.

    To be clear, Viasys and its attorneys satisfied all of their ethical and legal obligations in connection with the filing of the complaint and the claims pled therein. Please confirm that Versamed did the same with respect to each and every defense and counterclaim pled by Versamed.

**Versamed's Interrogatories 10 and 11**

    Contrary to the statement in Mr. Nissen's letter, Viasys did not agree to "state, for each of the topics listed, the witness that was most knowledgeable about that topic." As explained in Viasys' objections to these interrogatories, it is not reasonable to require, and the Federal Rules do not require, Viasys to speculate on and evaluate the quality and quantity of the knowledge of third parties. Instead, Viasys agreed to specify what categories of information the individuals identified by Viasys were likely to possess (i.e., why they were identified as potentially knowledgeable). Thus, without waiving its objections, Viasys presently believes that the individuals identified in its interrogatory responses have at least some knowledge regarding the

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Eric W. Schweibenz, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
May 31, 2007
Page 2

following subjects identified by Versamed (to the extent that Viasys understands the scope and meaning of the subjects identified):

> The named inventors: research, design and development regarding commercial embodiments; inventorship of the '511 patent.
> Tom Westfall: design, development, manufacture, regulatory approval and performance of commercial embodiments.
> Rebecca Mabry: design and development of commercial embodiments.

As agreed previously, the above identifications are not made for Rule 30(b)(6) purposes. Moreover, these identifications are subject to revision and supplementation.

Tom Westfall is a Viasys employee and is presently Vice President of Technology, Advanced Development. Rebecca Mabry is also a Viasys employee and is presently President, Viasys Sleep Diagnostic and Therapy. Of the named inventors, Messrs. Cegielski, Graves and Homes are Viasys employees. Mr. Williams is a consultant to Viasys. We will accept service on behalf of the above individuals for as long as they are affiliated with Viasys.

Mr. DeVries is not a Viasys employee and we cannot accept service on his behalf. Moreover, we are still investigating whether we have current contact information for Mr. DeVries and will let you know if we do.

**Versamed's Interrogatory 3**

As we discussed, Viasys identifies the following documents under Rule 33(d):

Bates Nos: BVP 0000403-0000424; BVP 0008030-0008042; 0008104-0008434; BVP 0008055-0008063; 0008104-0008434; BVP 0021977-0022175; BVP 0023268-0023503; BVP 0030846-0030975; BVP 0030976-0030977; BVP 0030978-0030979; VRC 0002526-0002580; VRC 0002581-0002669; VRC 0002671-0002730; VRC 0003481-0003636; VRC 0004401-004458; VRC 0012001-0012096; VRC 0018751-0018754; VRC 0018770-0018779; VRC 0020497; VRC 0020507-0020515; VRC 0020519-0020523; VRC 0020881-0020885; VRC 0021036-0021062; VRC 0021146; VRC 0021147-0021148; VRC 0021831; VRC 0021835-0021838; VRC 0028815-0028818; VRC 0029046-0029084; VRC 0030777-0030778; VRC 0030785-0030787; VRC 0030828-0030896.

This identification is subject to supplementation. Some of these documents are contained on the accompanying CD-ROM.



Eric W. Schweibenz, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
May 31, 2007
Page 3

### Document Request No. 62

As discussed, Viasys is in the process of gathering and preparing responsive documents for production.

### Document Request No. 63

During our call, we discussed Viasys' objections to this interrogatory, which included relevance. As discussed, Viasys is in the process of gathering and preparing documents for production showing international sales data. Versamed agreed to review those documents and, if necessary, request additional documents at a later time.

### Privilege Logs

Our position regarding privilege logs remains unchanged. Viasys does not believe that it is appropriate in the present case to require the parties to log communications with litigation counsel. Versamed's proposal that communications only after the filing of the complaint be exempt from logging is unfairly burdensome to Viasys and not acceptable. As explained previously, such a proposal inevitably favors the defendant because defendants are typically not aware of litigation prior to the filing of a complaint and thus have no communications with litigation counsel to log.

Moreover, Versamed has yet to articulate why communications with litigation counsel should be logged or how such communications could be the subject of legitimate and relevant discovery for purposes of this case. Versamed previously mentioned laches. We do not see how the doctrine of laches is possibly applicable to the present case, where, *inter alia*, the patent-in-suit issued less than 18 months before the case was filed. If Versamed is aware of any authority explaining how the doctrine of laches could appropriately be applied to the facts of the present case, please provide it promptly.

### Versamed's Third Party Subpoenas

You asked us to provide you with a list of third parties who have sent us documents, along with the third parties who stated they have no documents (if any). We have received documents from Stetina Brunda Garred & Brucker; Medlen & Carroll, LLP; and McDermott Will & Emory. A large volume of these documents have already been produced. We are in the process of verifying that all relevant, non-duplicative, non-privileged documents have been produced and will make any supplemental production shortly. As to the remaining firms, we have been copied on their letters and/or objections to you and have nothing to add at this time.



Eric W. Schweibenz, Esq.
**OBLON SPIVAK McCLELLAND MAIER & NEUSTADT, P.C.**
May 31, 2007
Page 4

Sincerely,

Matthew S. Jorgenson

MSJ☙ng

cc:     Robert C. Nissen, Esq. (via PDF)
        Jack B. Blumenfeld, Esq. (via PDF)
        Steven J. Balick, Esq. (via PDF)
        Jeffrey M. Olson, Esq. (via PDF)

EXHIBIT 3

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

ATTORNEYS AT LAW

ERIC W. SCHWEIBENZ
(703) 413-3000
ESCHWEIBENZ@OBLON.COM

June 6, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

      *Re:*   *Viasys Respiratory Care Inc. et al. v. VersaMed Med. Sys., Inc.*
            *C.A. NO. 06-579-JJF*

Dear Matt:

      I am writing to respond to your May 31 letter as it relates to privilege logs.

      Your attempt to exempt communications with "litigation counsel" from the parties' privilege logs is inappropriate and inconsistent with the clear requirements set forth in Fed. R. Civ. P. 26(b)(5). You have failed to articulate any basis for Plaintiffs' position other than raising the typical issues that arise in every patent litigation (i.e., preparing a privilege log involves time and effort). To address this purported concern, we proposed that attorney work-product and attorney-client privileged documents generated after the filing date of the instant action (i.e., September 15, 2006) need not be identified on the parties' privilege logs. You have repeatedly rejected this proposal.

      Additionally, we take issue with your statement that it is somehow VersaMed's burden to explain why Plaintiffs must comply with their obligations under the Federal Rules. Fed. R. Civ. P. 26(b)(5) requires Plaintiffs to provide a privilege log for all documents withheld that would otherwise be discoverable.

      In view of our multiple meet-and-confer telephone conferences on this issue, we believe that the parties have reached an impasse, and we do not believe a further meet-and-confer is needed prior to our filing of a motion to compel. However, if you should reconsider your position and would like to discuss this further, please call us by no later than June 8. We again propose that the parties (1) exempt all privileged documents generated after the filing date of the instant action from the parties' privilege logs; or (2) log all privileged documents generated to date. Please inform us by no later than June 8 if either of these proposals are acceptable. Otherwise, we will seek the Court's assistance to compel Plaintiffs to provide a privilege log that lists all documents that Plaintiffs have withheld on the grounds of privilege.

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
June 6, 2007
Page -2-

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Eric W. Schweibenz

EWS/hs

cc (via electronic mail):
    Jeffrey M. Olson, Esq.
    Steven J. Balick, Esq.
    Jack B. Blumenfeld, Esq.

EXHIBIT 4

LAW OFFICES

*Stetina and Brunda*
A PROFESSIONAL CORPORATION
PATENT TRADEMARK COPYRIGHT AND UNFAIR COMPETITION CAUSES
24221 CALLE DE LA LOUISA
SUITE 401
LAGUNA HILLS CALIFORNIA 92653

KIT M. STETINA
BRUCE B. BRUNDA
ROBERT D. BUYAN
NORMAN E. CARTE
WILLIAM J. BRUCKER
MARK B. GARRED

(714) 855-1246
TELEX: 704355 HUB STET LO
FACSIMILE (714) 855-6371
GP II AND III

May 25, 1993

<u>VIA FACSIMILE</u>
<u>1-619-778-7336</u>
<u>AND REGULAR MAIL</u>

Mr. Douglas F. DeVries
BIRD PRODUCTS CORPORATION
1100 Bird Center Dr.
Palm Springs, CA 92262

Re:  Case BIRDP-003F - 5,161,525 - Kimm et al.
     Case BIRDP-004F - 5,107,830 and 5,044,362 - Younes
     Case BIRDP-005F - 4,957,107 - Sipin

Dear Doug:

     It was a pleasure meeting with you on Monday, May 24, 1993, to discuss the various patent matters of interest to Bird Products Corporation.  As a preface I would like to congratulate you on your new position with Bird Products/T-Bird, and would like to thank you for your confidence which you have shown in requesting our firm to provide patent services.

     As authorized during our meeting, our work will be broken down into three project areas:  (1) flow support; (2) proportional assist ventilation; and (3) drag turbine technology.

     In relation to flow support, we will review the file history of United States Letters Patent No. 5,161,525, issued to Kimm et al., to render an opinion as to whether or not the Bird flow support technology infringes any claim of the Kimm et al. patent.  In this regard, our opinion will be used primarily as a second opinion to confirm or rebutt the opinion previously rendered by Louis Knobbe, Esq. of Knobbe, Martens, Olson & Bear.

     In relation to proportional assist ventilation, we will order the complete file history of the Younes United States Letters Patent Numbers 5,107,830 and 5,044,362.  Our initial review will be to evaluate the validity of the Younes patents based primarily upon the article published by Dr. Poon of Massachusetts Institute of Technology and the prior art cited therein.  If it is our opinion that the Younes patents appear to be valid and enforceable, we will subsequently evaluate the scope of claim coverage provided by the

EXHIBIT F

pg.454

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001116

BVP 0008104

*Stetina and Brunda*

Page Two

Younes patents in an attempt to provide you with information relative potential design criteria sufficient to avoid any substantial infringement concerns.

Finally, in relation to the drag turbine, we will procure a copy of the file history of United States Letters Patent Number 4,957,107, issued to Sipin and review the same. The purpose of our review will be to render an opinion as to whether the Sipin patent would have any value to Bird, either from an infringement standpoint or from a defensive posture.

On a final note, please be advised that we will conduct a limited patentee/assignee search for any and all United States Letters Patents recently issued to Mr. Josef Stupecky and/or Bicore Monitoring Systems directed toward their encoded transducer connector. If such search uncovers any recently issued patents, we will immediately order a hard copy of the patent and forward the same to your attention for review.

If you have any questions regarding these matters, please do not hesitate to contact me.

Very truly yours,

STETINA AND BRUNDA

Kit M. Stetina

KMS:pb

pg.455

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001117

BVP 0008105

LAW OFFICES

*Stetina Brunda & Buyan*
A PROFESSIONAL CORPORATION
PATENT, TRADEMARK, COPYRIGHT AND UNFAIR COMPETITION CAUSES

24221 CALLE DE LA LOUISA
SUITE 401
LAGUNA HILLS, CALIFORNIA 92653-7602

KIT M. STETINA
BRUCE B. BRUNDA
ROBERT D. BUYAN
NORMAN E. CARTE'
WILLIAM J. BRUCKER
MARK B. GARRED
MATTHEW A. NEWBOLES
ROBERT J. LAUSON
THOMAS G. NABER**

(714) 855-1246
TELEX: 704355 HUB STET UD
FACSIMILE (714) 855-8371
GP II AND IR

February 16, 1996

Douglas F. DeVries
BIRD PRODUCTS CORPORATION
1100 Bird Center Dr.
Palm Springs, CA 92262

    Re:  Case BIRDP-011A
         Patent Application Serial No.: 08/324,172
         PORTABLE COMPRESSOR POWERED MECHANICAL VENTILATOR

Dear Doug:

     On January 26, 1996, the United States Patent Office rendered
it's first substantive Office Action in relation to your above-
identified patent application.  Copies of the Office Action and
prior art references cited by the Examiner are enclosed herewith.

     The Examiner has raised no objections as to the form or
content of the patent application.  Accordingly, the Application
has been deemed to be fully in compliance with 35 U.S.C. § 112.

     As is typical in cases of this nature, the Examiner has
rejected all pending claims 1-40 and 45-60 of the application, as
being obvious over various combination of prior art.  Specifically,
Claims 1, 2, 6-7, 23-36, 39, 40 and 45-60 have been rejected over
United States Patent No. 5,148,802 (Saunders et al.) in combination
with U.S. Patent No. 4,957,107 (Sipin).

     The Sipin reference was fully disclosed and discussed in
"background" section of the patent application, and the claims of
the application were specifically drafted to distinguish over the
Sipin reference.  As you will recall, the Sipin ventilator system
does utilize a turbine-type flow generation system.  However, the
Sipin turbine does not intermittently start and stop, but rather
runs continuously while a diverter valve arrangement is utilized to
intermittently divert the continuous positive pressure gas flow
away from the patient, thereby permitting the expiratory phase of
ventilation to occur.

     The Saunders reference was not previously known to us, and was
cited by the Examiner.  Saunders discloses an apparatus for
providing alternating high and low positive airway pressure to the
airway of a patient, as a treatment for sleep apnea.  The Saunders

* PATENT AGENT
** ADMITTED TO COLORADO BAR ONLY

pg.532

EXHIBIT ___H___

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001144

BVP 0008184

*Stetina Brunda & Buyan*
*Douglas F. DeVries*
*February 16, 1996*
*Page 2*

reference states that the flow generator which is used to create
the alternating high/low pressure airflow is not necessarily a
positive placement-device but may alternatively be a "blower which
creates a pressure head within conduit 20 and provides air flow
only to the extent required to maintain that pressure head in the
presence of patient breathing cycles." The Patent Examiner has
taken the position that Saunders' brief reference to a "blower"
indicates that the Saunders device could utilize a rotary drag
compressor of the type described and claimed in your patent
application. On this basis, the Examiner is of the position that
the disclosed ventilator system of Saunders could be combined with
the rotary compressor arrangement of the Sipin device, to result in
the invention recited in independent Claim 1 and various dependant
claims of your patent application.

We disagree with the Examiner's interpretation of Saunders.
First, we do not believe that the mere reference to a "blower"
necessarily indicates that a rotary drag compressor could be
utilized in the Saunders apparatus. Moreover, the control system
disclosed by Saunders does not even remotely suggest the rapid
acceleration/deceleration of a rotor, as accomplished by your
invention.

On this basis, we believe that well reasoned arguments can be
made in support of the patentability of independent Claim 1 of your
patent application, over Sipin and Saunders. Accordingly, our
present recommendation is that we make only minor amendments to
Claim 1 at this time, and that we attempt to convince the Patent
Examiner that the Sipin-Saunders combination cited does not render
the claimed invention "obvious" under 35 U.S.C. § 103.

As to some of the narrower dependant claims of the patent
application the Examiner has rejected such claims as being obvious
over the base combination of Sipin and Sanders, further in view of
either U.S. Patent No. 5,315,990 (Mondry) or U.S. Patent No.
4,617,637 (Chu et al.). We do not believe that these additional
grounds for rejection are well stated, in view of the non-
obviousness of even the broadest claims over the Sipin-Sanders base
combination, further in view of distinctions which exist between
your claimed invention and the Mondry or Chu et al. references.

Based on the above-set-forth preliminary analysis, we
presently recommend that we prepare a written response to this
Office Action be prepared in a manner which makes only minor
amendments to the claims along with specific arguments as to why
the claims should be allowable over the cited combinations of prior
art. We further propose to interview the patent Examiner, either

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001145

BVP 0008185

*Stetina Brunda & Buyan*
*Douglas F. DeVries*
*February 16, 1996*
*Page 3*

telephonically or in person, in an attempt to convince the Examiner to allow the presently-written claims. In this regard, Robert Buyan from our office is planning an interview trip to the United States Patent Office in April 1996, and it may be possible for us to have Mr. Buyan schedule a personal interview with the patent Examiner during that trip.

We estimate that the cost in preparing and filing the above-recommended written response to the Office Action will incur fees and costs of approximately $800.00-$1,200.00. If a personal interview can be arranged with the Patent Examiner, such interview will generate further attorney's fees and pro rata travel expenses of about $800.00-$1,000.00.

A written response to this Office Action must be filed in the United States Patent Office on or before April 26, 1996 to avoid payment of late filing fees. Thereafter, such response may be filed up until July 26, 1996 provided that it is accompanied by payment of progressively larger late filing fees. If no written response is filed on or before July 26, 1996, the Application will become abandoned.

Please notify me whether we are authorized to proceed in the above-proposed manner. If so, we will prepare a draft response to the Office Action for your review/approval. After the response to the Office Action has been finalized, we will transmit such response to the patent Examiner as an "informal" proposed amendment. We will then follow-up by a telephonic or personal interview with the Examiner. Thereafter, if the Examiner agrees to allow the claims based on the proposed amendment, we will proceed with formal filing of the written response as prepared. On the other hand, if the Examiner requires modifications to the proposed amendment, or completely refuses to allow any claims, we will have an opportunity to substantially revise our strategy before filing any written response to the Office Action.

Please contact me after you have had an opportunity to review the Office Action, so that we may discuss whether we are authorized to proceed in the above-proposed manner.

Very truly yours,
STETINA AND BRUNDA & BUYAN

Kit M. Stetina

KMS:dlm
bird1la.ltr

pg.534

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001146

BVP 0008186

LAW OFFICES

*Stetina Brunda & Buyan*
A PROFESSIONAL CORPORATION
PATENT, TRADEMARK, COPYRIGHT AND UNFAIR COMPETITION CAUSES

24221 CALLE DE LA LOUISA
SUITE 401
LAGUNA HILLS, CALIFORNIA 92653-7602

KIT M. STETINA
BRUCE B. BRUNDA
ROBERT D. BUYAN
NORMAN E. CARTE*
WILLIAM J. BRUCKER
MARK B. GARRED
MATTHEW A. NEWBOLES
THOMAS C. NABER**
DARREN S. RIMER

TELEPHONE  (714) 855-1246
FACSIMILE I  (714) 855-6371
FACSIMILE II  (714) 855-8986

October 23, 1996

VIA FACSIMILE
(619) 778-7301

AND REGULAR MAIL

Mr. Douglas F. DeVries
BIRD PRODUCTS CORPORATION
1100 Bird Center Dr.
Palm Springs, CA 92262

    Re:  Cases BIRDP-011A - BIRDP-011B
         BIRDP-011G - BIRDP-011G1
    PORTABLE DRAG COMPRESSOR POWERED MECHANICAL VENTILATOR

Dear Doug:

     It was a pleasure meeting with you last week to discuss the prosecution of your above-referenced patent applications.  This letter will confirm the substance of those discussions in relation to continued prosecution of your pending patent application as well as address the issues pertaining to the decision to file your United States utility patent application, our Case No. BIRDP-011B pertaining to the respiratory ventilator with oxygen and temperature compensation.

     Firstly, in relation to Case No. BIRDP-011A, the Examiner has maintained her rejection of the broader claims of the application directed toward a rotary compressor and controller combination. As we discussed, I feel that it would be beneficial to conduct a telephone interview with the Examiner to determine whether or not she actually understands the operation of our system and the substantial difference between the same and the Sipin reference. Depending upon the results of that interview, we will either proceed with an amendment after final rejection or alternatively file a continuation patent application and preliminary amendment to continue the prosecution of the broader claims of the invention.

* PATENT AGENT
** ADMITTED TO COLORADO BAR ONLY

pg.553

EXHIBIT _____J_____

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001118

*Stetina Brunda & Buyan*

Page Two

In relation to our Case No. BIRDP-011G directed toward an exhalation valve, we will prepare and file a major amendment as well as take the claims currently indicated allowable by the Examiner.

In relation to Case BIRDP-011G1 directed toward a flow transducer, we will additionally prepare and file a major amendment in an attempt to obtain claims pertaining to a flow transducer having a transponder which stores data relative operational characteristics.

Lastly, we discussed whether or not it was necessary or advisable to file the United States utility patent application, our Case No. BIRDP-011B directed toward a rotary compressor ventilator having an oxygen blending system which compensates for changes in temperature and oxygen concentration. As we discussed, in view of our ventilator injecting oxygen at the inlet side of the rotary compressor, changes in operational temperature and oxygen concentration must be addressed to deliver accurate oxygen concentrations. In contrast to our system, the Sipin device introduces oxygen downline of the compressor, i.e., adjacent the outlet of the compressor, and hence does not need to address the temperature and oxygen concentration compensation utilized in the Bird system.

Since you have now informed me that the multiple solenoid valve/differing sized orifice oxygen blending system utilized in the Bird system is similar to a German competitor, we discussed a value versus cost analysis in proceeding with the filing of this patent application at this time. As we discussed, if we are successful in obtaining the broader claims directed to the rotary compressor/controller system currently pending in our case BIRDP-011A, then such claims could deter effective competition in the marketplace irrespective of whether or not such competitive system compensated for temperature and oxygen concentration values. However, if we are unsuccessful in obtaining broader claims in our Case BIRDP-011A, then claims directed toward oxygen concentration and temperature change presented in our Case BIRDP-011B may serve to limit competition in the marketplace at least in those applications where increased oxygen concentration delivery is desired.

I therefore would like to request that you confirm if we should file our case BIRDP-011B in the United States Patent and Trademark Office at your earliest convenience. I would like to reiterate that if we are going to file this patent application in the United States Patent and Trademark Office, it must be filed within one year of your date of first sale, offer for sale, public use, or printed publication describing the claimed invention.

pg.554

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001119

BVP 0008208

*Stetina Brunda & Buyan*

Page Three

    If you have any questions regarding these matters, please do not hesitate to contact me.

                Very truly yours,

                STETINA BRUNDA & BUYAN

                Kit M. Stetina

KMS:pb

pg.555

CONFIDENTIAL
For Attorneys' Eyes Only
BRD0001120

BVP 0008209

EXHIBIT 5

**OBLON**
**SPIVAK**
**McCLELLAND**
**MAIER**
&
**NEUSTADT**
P.C.

ATTORNEYS AT LAW

ERIC W. SCHWEIBENZ
(703) 413-3000
ESCHWEIBENZ@OBLON.COM

June 6, 2007

**VIA E-MAIL AND FIRST CLASS MAIL**

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

    *Re:*   *Viasys Respiratory Care Inc. et al. v. VersaMed Med. Sys., Inc.*
       *C.A. NO. 06-579-JJF*

Dear Matt:

   1.   <u>VersaMed Interrogatory No. 8</u>

    We interpret Plaintiffs' refusal to provide any information supporting any factual bases
for the assertion of any claims of the '511 patent against VersaMed's accused ventilators to mean
that Plaintiffs did not conduct a pre-filing investigation as required by Fed. R. Civ. P. 11. Your
assertions of privilege and satisfaction of ethical and legal obligations are unsupported. If you
should have any support for your assertions, please supplement this answer immediately by
providing us with the requested information (if no such information exists, please confirm that
fact). Also, to the extent that Plaintiffs are withholding responsive information that may be
subject to the attorney-client privilege and/or work product protection, please confirm that any
documents generated will be identified and described on Plaintiffs' privilege log.

   2.   <u>VersaMed's Third-Party Subpoenas</u>

    Additionally, we understand from your May 31 letter that Plaintiffs have received
documents responsive to VersaMed's third party subpoenas served on the law firms of Stetina
Brunda Garred & Brucker; Medlen & Carroll, LLP; and McDermott Will & Emery. Please
confirm that all documents responsive to these subpoenas have been produced and that all
documents allegedly subject to any privilege or work-product immunity will be identified on
Plaintiffs' privilege log.

       \*    \*    \*

Matthew S. Jorgenson, Esq.
SIDLEY AUSTIN LLP
June 6, 2007
Page -2-

OBLON
SPIVAK
McCLELLAND
MAIER
&
NEUSTADT
P.C.

We look forward to your prompt response to the issues raised in this letter.

Very truly yours,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Eric W. Schweibenz

EWS/hs

cc (via electronic mail):
    Jeffrey M. Olson, Esq.
    Steven J. Balick, Esq.
    Jack B. Blumenfeld, Esq.