IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., <br> VIASYS MANUFACTURING INC., and <br> BIRD PRODUCTS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> VERSAMED MEDICAL SYSTEMS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) C. A. No. 06-579 (JJF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena directed to Douglas F. DeVries attached as Exhibit 1 is being served.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Defendant
VersaMed Medical Systems, Inc.

OF COUNSEL:
Steven P. Weihrouch
Andrew M. Ollis
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

July 17, 2007

955817

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on July 17, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick
> Tiffany Geyer Lydon

I further certify that I caused to be served copies of the foregoing document on July 17, 2007 upon the following in the manner indicated:

### BY E-MAIL and HAND

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

### BY E-MAIL

Jeffrey M. Olson
Sidley Austin, LLP
555 West Fifth Street
Los Angeles, CA 90013

/s/ Karen Jacobs Louden
klouden@mnat.com

# EXHIBIT 1

Issued by the
# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

**VIASYS RESPIRATORY CARE INC.,**
**VIASYS MANUFACTURING INC., and**
**BIRD PRODUCTS CORPORATION,**
               Plaintiffs,

v.

**VERSAMED MEDICAL SYSTEMS, INC.,**
               Defendant.

SUBPOENA IN A CIVIL CASE

PENDING IN U.S. DISTRICT COURT
DISTRICT OF DELAWARE
CASE NUMBER: 06-579 (JJF)

TO:   Douglas F. DeVries
        5812 N.E. Arrowhead Drive
        Kenmore, Washington 98028-4365

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| HELLER EHRMAN LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, Washington 98104-7098 | August 21, 2007 – 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below: **See attached Schedule A.**

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| HELLER EHRMAN LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, Washington 98104-7098 | August 1, 2007 – 9:30 a.m. |

Any organization that is not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants | 7·17·07 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Robert C. Nissen<br>OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, Virginia 22314 Tel.: (703) 413-3000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## SCHEDULE A

### DEFINITIONS

1. "DeVries," "you," and "your" means Douglas F. DeVries.

2. "Plaintiffs" means Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation and their present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on their behalf, or under their ownership or control, collectively or individually.

3. "Pulmonetic" means Pulmonetic Systems, Inc. and its present or former officers, directors, employees, attorneys, agents, consultants, representatives, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, divisions and/or departments, and each person, foreign or domestic, acting or purporting to act on its behalf, or under its ownership or control, collectively or individually.

4. "ResMed" means ResMed Corp., and all of its predecessors (including ResCare Ltd.), successors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

5. "Respironics" means Respironics, Inc., and all of its predecessors, successors, corporate parents, affiliated companies or corporations, direct and indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting or purporting to act on its behalf.

6. "VersaMed" means VersaMed Medical Systems, Inc. and its predecessors.

7.  The "'511 Patent" means U.S. Patent No. 6,877,511, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

8.  The "'133 Patent" means U.S. Patent No. 5,868,133, entitled "Portable Drag Compressor Powered Mechanical Ventilator," and all underlying patent applications and foreign counterparts.

9.  "Related Patent" or "Related Patents" means any and all patents, including any parent, continuation, continuation-in-part, divisional, reissue, abandoned, and foreign counterpart patent, related to the '511 Patent or the '133 Patent.

10. "Related Patent Application" or "Related Applications" means any and all applications for any continuation, continuation-in-part, divisional, reissue, and any request for reexamination or request for certificate of correction, related to the '511 Patent or the '133 Patent.

11. The term "foreign counterpart" or "foreign counterparts" refers to any and all non-U.S. patents corresponding to or claiming priority from the '511 Patent or the '133 Patent, or any non-U.S. application related to the '511 Patent or the '133 Patent or the subject matter of the '511 Patent or the '133 Patent, irrespective of whether such application is now abandoned.

12. "Document" shall be defined to the broadest extent possible permitted by Fed. R. Civ. P. 34(a)(1).

13. The term "thing" has the broadest meaning proscribed in Rule 34, Fed. R. Civ. P., including every kind of physical specimen or tangible item, other than a document, in your possession, custody, or control.

14. "Person" means, without limitation, any natural person or individual, juristic person or business entity such as an association, business organization, partnership, corporation, governmental organization, or formal or informal group or subdivision thereof, and its officers, directors, employees, attorneys, agents, or representatives and all other persons acting or purporting to act on behalf thereof.

15. "The United States or "U.S." shall mean the United States of America, its states, territories, possessions, districts and federal enclaves.

16. The term "relating to" means in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

17. The terms/symbols "and," "or," "and/or" and "/" are to be interpreted both in the conjunctive and the disjunctive, as necessary to bring within the scope of a request any response, document, thing or source of information which might otherwise be construed to be outside its scope.

18. "Prior art" means any and all documents, things and activities relevant to the '511 Patent and the '133 Patent that constitute prior art within the meaning of 35 U.S.C. §§102 and 103.

## INSTRUCTIONS

1. This subpoena requires you to produce all documents and things that are in your actual or constructive possession, custody, or control.

2.  Documents are to be produced in the same form and manner in which they are kept in the normal course of business. The documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

3.  In the event you claim that a request is overly broad, you are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

5.  A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the request all documents and things that might otherwise be construed outside its scope.

6.  The singular form or masculine gender, when used herein, shall include respectively, the plural and feminine or neuter as appropriate.

7.  In the event you claim that a request is unduly burdensome, you are requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

8.  For purposes of these Requests, terms not specifically defined shall be given their ordinary meaning as you understand them to be used.

9. With respect to each document or thing called for by these requests that is in your possession, custody or control, such documents may, at your discretion, be marked in accordance with the Stipulated Protective Order (attached hereto as Exhibit 1).

10. If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object.

11. If you object to or disagree with any of the definitions set forth in these Requests, or if you do not understand any term used in these Requests, please explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, provide an alternative definition of the term, and provide documents and things in accordance with that alternative definition.

12. With respect to each document or thing called for by these requests which is known to, but not in the possession, custody or control of you, please identify such document or thing in the manner set forth in the following paragraph. For any document or thing responsive to these requests that has been destroyed, provide the information enumerated in the following paragraph, and state the name(s), current position(s), and means for contacting the person(s) responsible for the document's destruction.

13. For any document or thing responsive to any request set forth below that you seek to withhold under a claim of privilege, you shall redact the information being withheld for privilege and indicate the location of the redacted information on the produced document or thing. For each document, thing, or part of any document or thing withheld under a claim of privilege or for any other reason, you shall state:

   a) the name and title of the person(s) who possessed or controlled the document or thing;

b) a brief description of the nature and subject matter of the document or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or thing;

c) the document's date or the thing's date of creation;

d) the name and title of the author(s) or creator(s) of the document or thing;

e) the name and title of the sender(s) of the document or thing if different from the author(s) or creator(s);

f) the name and title of the person(s) to whom the document is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or thing;

g) the past and current location of all copies of the document or thing;

h) the request or subpart to which the document, withheld information, or thing is otherwise responsive; and

i) the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

## REQUESTS

1. All documents and things relating to or concerning the '511 Patent, the '133 Patent, any Related Patent, any Related Patent Application and any foreign counterparts.

2. All documents and things relating to or concerning ownership, licensing, offer to license, assignment, transfer, pledge or security interest in the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

3. All documents and things relating to or concerning the conception, design, development, manufacture and first reduction to practice of any subject matter shown, described or claimed in the '511 Patent and/or the '133 Patent.

4. All documents and things, identifying, relating to or concerning any person other than the named inventors on the '511 Patent and/or the '133 Patent who worked, consulted or collaborated with the named inventors with respect to any subject matter shown, described or claimed in the '511 Patent and/or the '133 Patent.

5. All documents and things relating to or concerning the search for, preparation, filing, prosecution or issuance of the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

6. All documents and things relating to or concerning the search for, gathering, collecting, identification and analysis of any prior art cited to the U.S. Patent and Trademark Office in connection with the application that led to the issuance of the '511 Patent, the '133 Patent, and any Related Patent, or cited in connection with any Related Patent Application.

7. All documents and things relating to or concerning the gathering, collecting, identification and analysis of any prior art considered and not cited to the U.S. Patent and Trademark Office in connection with the application that led to the issuance of the '511 Patent, the '133 Patent, and any Related Patent, or considered in connection with any Related Patent Application.

8. All documents and things constituting, relating to or concerning any prior art relevant to the '511 Patent and/or the '133 Patent.

9. All documents and things relating to or concerning any comparison between any prior art and subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

10. All documents and things concerning all products, models or prototypes allegedly covered by or embodying any claim of the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

11. All documents and things relating to or concerning any analysis or testing of any Versamed product, device, apparatus or system allegedly covered by any claim of the '511 Patent, the '133 Patent, any Related Patent or any Related Patent Application.

12. All documents and things relating to or concerning any publication, disclosure, use, demonstration, display, advertising, distribution, experimentation, commercial exploitation, sale, and/or offer for sale of any subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patent or any Related Patent Application prior to October 14, 1994.

13. All documents and things relating to or concerning any seminars, speeches, presentations, lectures or talks given by you or any person employed or retained by, affiliated with, or under authority or grant from you, regarding any subject matter shown, described or claimed in the '511 Patent, the '133 Patent, any Related Patent or any Related Patent Application prior to October 14, 1994.

14. All documents and things relating to or concerning papers, articles or other publications by you or any person employed or retained by, affiliated with, or under authority or grant from you, regarding any subject matter claimed or disclosed in the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application, including but not limited to all drafts and final versions of any such materials and any memoranda or correspondence between

any co-authors or other persons concerning either the work reflected in the materials or the publications themselves.

15. All documents and things relating to or concerning any instance in which you analyzed, reviewed, inspected or tested any Versamed product, device, apparatus or system.

16. All documents and things relating to or concerning any instance in which you analyzed, reviewed, inspected, tested or observed any product, device, apparatus or system other than Versamed's for the purpose of determining whether such products infringe the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

17. All documents and things relating to or concerning any litigation or potential litigation involving the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

18. All documents and things relating to or concerning any oral or written opinions regarding patentability, unpatentability, enforceability, unenforceability, validity, invalidity, infringement or noninfringement of any of the claim(s) of the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

19. All documents and things relating to or concerning any opposition proceeding, interference, reexamination, reissue, nullity proceeding, revocation proceeding, arbitration, conflict or dispute involving the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

20. All transcripts (including without limitation any exhibits thereto and any recording of such transcripts by electronic, computer, audio-visual or other means) of depositions, affidavits, or any other transcribed testimony taken or produced in any prior or contemporaneous proceeding, dispute or litigation (including without limitation any proceedings

before the United States Patent and Trademark Office) concerning the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

21. All documents and things relating to or concerning any settlement, compromise agreement or other disposition of any prior or contemporaneous proceeding, dispute or litigation (including without limitation any proceedings before the United States Patent and Trademark Office) concerning the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

22. All documents and things relating to or concerning Aviation Medical Systems or Airway Medical Equipment, Ltd., and any product, device, apparatus or system made, used, sold, offered for sale or imported into the U.S. by Aviation Medical Systems or Airway Medical Equipment, Ltd.

23. All documents and things concerning the visit of representatives of Aviation Medical Systems or Airway Medical Equipment, Ltd (including, but not limited to, Mr. Nir Geffin) to Bird Products Corporation on or around March 1, 1996.

24. All documents and things concerning the Tbird product.

25. All documents and things concerning the Vela product.

26. All documents and things concerning the knowledge of the named inventors on the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application with respect to continuous positive airway pressure (CPAP) products having a compressor-blower or turbine driven flow generator made, known, sold, or offered for sale in the United States prior to October 14, 1994.

27. All documents and things concerning the knowledge of the named inventors on the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application with

respect to bi-level positive airway pressure products having a compressor-blower or turbine driven flow generator made, known, sold, or offered for sale in the United States prior to October 14, 1994.

28. All documents and things concerning any application for regulatory approval, including FDA approval, for all products allegedly covered by the '511 Patent, the '133 Patent, any Related Patent and any Related Patent Application.

29. All documents and things concerning Plaintiff's knowledge of the iVent201 and/or SmartVent 201 between 1996 and 2006.

30. All license agreements relating to ventilation products under which Plaintiffs, you, and/or Pulmonetic are either a licensor or licensee.

31. All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-12400).

32. All documents and things relating to or concerning *Pulmonetic Systems, Inc. v. Bird Products Corp. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-00390).

33. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-06994).

34. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 00-CV-00355).

35. All documents and things relating to or concerning *Bird Products Corp. v. Pulmonetic Systems, Inc. et al.* (U.S. District Court for the Central District of California Civil Action No. 99-CV-07380).

36. All documents and things regarding ventilators, including, without limitation, all documents and things received from Michael J. Cegielski, Warner V. Graves, Jr., Malcolm R. Williams, Michael B. Holmes, Plaintiffs, and/or Pulmonetic concerning the subject matter of the '511 patent, '133 patent, or any Related Patent or Related Patent Application.

37. All documents and things in your possession relating to ResMed's VPAP ventilator products made or supplied by ResMed or otherwise sold, offered for sale, used, demonstrated or imported by ResMed prior to October 14, 1994, including, but not limited to, system guides, physician manuals, instructional materials, patient guides or manuals, brochures, advertisements, posters, press releases, service manuals, and video or audio materials.

38. All documents and things in your possession relating to Respironics' ventilation devices having a compressor-blower or turbine driven flow generator made or supplied by Respironics or otherwise sold, offered for sale, used, demonstrated or imported by Respironics prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

39. All documents and things in your possession relating to Airox's ventilation devices (including Bio MS Airox Home 1) having a compressor-blower or turbine driven flow generator made, supplied, or otherwise sold, offered for sale, used, demonstrated, imported or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

40. All documents and things in your possession relating to Sefam's ventilation devices (including Ventil+) having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

41. All documents and things in your possession relating to Puritan-Bennett's ventilation devices (including Companion 320 I/E) having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

42. All documents and things in your possession relating to Pierre Medical's ventilation devices (including O'NYX) having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

43. All documents and things in your possession relating to Taema's ventilation devices having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

44. All documents and things in your possession relating to Max Sardou's ventilation devices having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.

45. All documents and things in your possession relating to French ventilation devices having a compressor-blower or turbine driven flow generator made, supplied or otherwise sold, offered for sale, used, demonstrated, imported, or known prior to October 14, 1994, including, but not limited to, specifications, drawings, schematics, engineering documentation, testing materials, software, and systems guides or manuals.