IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIASYS RESPIRATORY CARE INC., VIASYS MANUFACTURING INC., and BIRD PRODUCTS CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VERSAMED MEDICAL SYSTEMS, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 06-579-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY TO VERSAMED MEDICAL SYSTEMS, INC.'S COUNTERCLAIMS

In response to the Counterclaims asserted by Defendant-Counterclaimant, VersaMed Medical Systems, Inc. (hereinafter "VersaMed"), which begin on page 3 of VersaMed's AMENDED ANSWER AND COUNTERCLAIMS (D.I. 48), filed on June 25, 2007, Plaintiffs, Viasys Respiratory Care Inc., Viasys Manufacturing Inc., and Bird Products Corporation, ("VRCI," "VMI," and "Bird Products," respectively), through their attorneys, reply and answer as set forth herein. Plaintiffs hereby deny any and all allegations not specifically admitted herein and state as follows:

### VERSAMED'S COUNTERCLAIMS

　　1.　　Plaintiff is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies these allegations.

　　2.　　Admitted.

　　3.　　Admitted.

4. Admitted.

5. Plaintiffs admit that there is an actual and justiciable controversy between Plaintiffs and VersaMed with respect to infringement of United States Patent No. 6,877,511 (hereinafter the "'511 Patent."). To the extent not admitted, this paragraph is denied.

6. Plaintiffs admit that defendant purports to bring this action under the Federal Declaratory Judgment Act. To the extent not admitted, this paragraph is denied.

7. Paragraph 7 contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, this paragraph is denied.

## COUNT I

### Declaration of Non-Infringement of the '511 Patent

8. Denied.

## COUNT II

### Declaration of Invalidity of the '511 Patent

9. Denied.

## COUNT III

### Declaration of Unenforceability of the '511 Patent

10. Denied.

11. This paragraph purports to be a partial quotation from the Manual of Patent Examining Procedure and no responsive pleading is required. To the extent a responsive pleading is required, this paragraph is denied.

12. This paragraph purports to be a general statement of legal principals and no responsive pleading is required. To the extent a responsive pleading is required, this paragraph is denied.

13. Plaintiffs admit that the '511 patent is a continuation of application serial no. 09/050/555, which is a continuation of application serial no. 08/794,296, which issued as U.S. Patent No. 5,868,133.

14. Denied.

15. Denied.

16. Admitted.

17. Plaintiffs admit that an order granting summary judgment of non-infringement of the '133 patent to Defendants Douglas F. DeVries and Pulmonetic Systems, Inc. in case no. CV 99-7380 (C.D. Cal.) was signed and filed on October 12, 2000. To the extent not admitted, this paragraph is denied.

18. Plaintiffs admit that case no. CV 99-7380 (C.D. Cal.) was settled in 2002 and that the appeal of the October 12, 2000 order was dismissed in 2002. To the extent not admitted, this paragraph is denied.

19. Plaintiffs admit that the application that issued as the '511 patent was filed on June 10, 2003. To the extent not admitted, this paragraph is denied.

20. Plaintiffs admit that a notice of abandonment of application serial no. 09/050,555 was mailed by the USPTO on September 26, 2003. To the extent not admitted, this paragraph is denied.

21. Denied.

22. Admitted.

23. Plaintiffs admit that Michael Holmes submitted at least one declaration in the DeVries litigation. To the extent not admitted, this paragraph is denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. This paragraph purports to be a partial quotation from the Manual of Patent Examining Procedure and no responsive pleading is required. To the extent a responsive pleading is required, this paragraph is denied.

38. Denied.

39. Reference to "the affected claims" is ambiguous and indefinite. Paragraph 39 is denied in its entirety for at least this reason.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## PRAYER FOR RELIEF

Plaintiffs incorporate by reference the prayer for relief set forth in their complaint.

## JURY DEMAND

Plaintiffs respectfully demand trial by jury on all issues so triable.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Jeffrey M. Olson
Matthew S. Jorgenson
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
(213) 896-6000

Dated: July 18, 2007
182418.1

5