IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIASYS RESPIRATORY CARE INC., )
VIASYS MANUFACTURING INC., and )
BIRD PRODUCTS CORPORATION, )
  )
   Plaintiff, )
  )
v. ) C.A. No. 06-579 (JJF)
  )
VERSAMED  MEDICAL SYSTEMS, INC., )
  )
   Defendant. )
  )

## DEFENDANT VERSAMED MEDICAL SYSTEMS, INC.'S
## REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
## PLAINTIFFS TO PRODUCE A PRIVILEGE LOG

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
  *Attorneys for Defendant*
  *VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

July 27, 2007

i.

# TABLE OF CONTENTS

Page

I.   VIASYS HAS NOT MET ITS BURDEN TO DEMONSTRATE
     THAT ALL OF ITS COMMUNICATIONS INVOLVING
     "LITIGATION COUNSEL" ARE SUBJECT TO THE
     ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT
     IMMUNITY..........................................................................................1

II.  VIASYS HAS NOT DEMONSTRATED THAT PROVIDING A
     DOCUMENT-BY-DOCUMENT PRIVILEGE LOG FOR ALL
     COMMUNICATIONS INVOLVING "LITIGATION COUNSEL"
     WOULD BE UNDULY BURDENSOME ...............................................4

III. VIASYS' ARGUMENT REGARDING REEXAMINATION IS
     IRRELEVANT TO THE ISSUES RAISED BY VERSAMED'S
     MOTION TO COMPEL ........................................................................6

CONCLUSION................................................................................................6

# TABLE OF AUTHORITIES

Cases

Burns v. Imagine Films Entertainment, Inc.,
    164 F.R.D. 589 (W.D.N.Y. 1996)..................................................................... 5

Josephs v. Harris,
    677 F.2d 985 (3d Cir. 1982)............................................................................. 5

In re Keeper of the Records,
    348 F.3d 16 (1st Cir. 2003) ............................................................................. 2

Nagele v. Electronic Data Sys.,
    193 F.R.D. 94 (W.D.N.Y. 2000)..................................................................... 5

Roesberg v. Johns-Manville Corp.,
    85 F.R.D. 292 (E.D. Pa. 1980)....................................................................... 5

Securities and Exchange Comm'n v. Thrasher,
    1996 U.S. Dist LEXIS 3327 (S.D.N.Y. 1996) ........................................... 1

Tulip Computers Int'l B.V. v. Dell Computer Corp.,
    210 F.R.D. 100 (D. Del. 2002) ..................................................................... 1

United States v. Rockwell Int'l,
    897 F.2d 1255 (3d Cir. 1990) ......................................................................... 4

United States v. John Doe,
    429 F.3d 450 (3d Cir. 2005)............................................................................ 4

United States v. Workman,
    138 F.3d 1261 (8th Cir. 1998) ....................................................................... 2

Upjohn Co. v. United States,
    449 U.S. 383 (1981)........................................................................................ 3

View Eng'g, Inc. v. Robotic Sys., Inc.,
    208 F.3d 981 (Fed. Cir. 2000)........................................................................ 3

Wyeth v. Impax Labs. Inc.,
    2006 U.S. Dist. LEXIS 79761 (D. Del. Oct. 26, 2006) ............................. 1

Rules

Fed. R. Civ. P.  11 ................................................................................................... 3

Fed. R. Civ. P.  26(b)(5)..................................................................................... 1, 6

I.    VIASYS HAS NOT MET ITS BURDEN TO DEMONSTRATE THAT ALL OF ITS COMMUNICATIONS INVOLVING "LITIGATION COUNSEL" ARE SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT IMMUNITY

Although Viasys contends that "Versamed has failed to explain why a more detailed log of [communications with 'litigation counsel'] is necessary," it is Viasys, and not VersaMed, who bears the burden of demonstrating the propriety of its assertions of privilege and work-product immunity. Fed. R. Civ. P. 26(b)(5) requires Viasys to produce a privilege log that lists all of the documents it is withholding based on its assertions of attorney-client privilege and/or work product immunity. It further provides that a party withholding documents or other information based upon a claim of privilege or work product immunity must make the claim expressly, and describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection. *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 106 n.9 (D. Del. 2002).[1]

---

[1]    The cases Viasys cites in support of its argument that communications with "litigation counsel" need not be included on a privilege log are easily distinguished. Unlike the present dispute, none of these cases involve the unique claims and defenses typically raised in patent infringement litigation. Also, unlike Viasys, the affected parties in these cases presented specific evidence that providing detailed disclosures of communications with counsel would reveal aspects of litigation strategy. *See, e.g.*, *Securities and Exchange Comm'n v. Thrasher*, 1996 U.S. Dist LEXIS 3327, at *3-4 (S.D.N.Y. 1996). Viasys has not (and cannot) make such an assertion in this case. Viasys also cites *Wyeth v. Impax Labs., Inc.*, 2006 U.S. Dist. LEXIS 79761, *1-3 (D. Del. Oct. 26, 2006) in support of its argument that communications with "litigation counsel" need not be included on a privilege log. (D.I. 55 at 10). This case does not address privilege log issues whatsoever, however. Additionally, unlike the moving party in *Wyeth*, VersaMed has specifically identified why the discovery it seeks here (i.e., a log of

(continued . . .)

Indeed, Viasys tacitly acknowledges the documents it is withholding are highly relevant to a number of important issues in this case. For example, Viasys admits that it has voluntarily waived attorney-client privilege and/or work product immunity with respect to confidential communications between Bird's outside prosecution counsel and DeVries (one of the named co-inventors on the patent-in-suit). D.I. 55 at 7. VersaMed should be permitted to investigate the scope of Plaintiffs' waiver to determine if additional documents, including those involving "litigation counsel," should be produced. *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (holding that a party "cannot selectively assert the [attorney-client] privilege to block the introduction of information harmful to his case after introducing other aspects of his conversation with [counsel] for his own benefit"); *In re Keeper of the Records*, 348 F.3d 16, 24 (1st Cir. 2003) ("[w]ere the law [regarding the attorney-client privilege] otherwise, [a party] could selectively disclose fragments helpful to its case, entomb other (unhelpful) fragments, and in that way kidnap the truth seeking process").

By way of further example, VersaMed has asserted an inequitable conduct defense in this case alleging, *inter alia*, that the agents and attorneys working on behalf of Bird (one of the Plaintiffs in this matter) failed to disclose to the Patent Office during prosecution of the patent-in-suit the prior DeVries litigation (involving U.S. Patent No. 5,868,133 -- the "parent" of the patent-in-suit) as well as certain documents and arguments exchanged by the parties during that litigation. The log of communications involving "litigation counsel" that VersaMed seeks may lead to admissible evidence

---

(. . . continued)
communications involving "litigation counsel") is highly relevant to a number of important issues in this case.

regarding VersaMed's inequitable conduct defense. Specifically, VersaMed should be permitted to discover information as to what occurred during prosecution of the patent-in-suit, and who was involved, including the information and documents of which Plaintiffs, prosecution counsel, and litigation counsel were aware and when.

       Viasys' blanket assertions of privilege with respect to "litigation counsel" also are improper because they have precluded VersaMed from discovering the facts underlying allegedly privileged communications generated in connection with Plaintiffs' pre-filing investigation. It is well-settled that the attorney-client privilege "only protects the disclosure of communications"; the privilege "does not protect disclosure of the underlying facts" of communications. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Contrary to Viasys' arguments (D.I. 55 at 10 n.9), VersaMed is not using Rule 11 to attempt to gain discovery of privileged information. Instead, VersaMed requests a privilege log for all withheld documents to evaluate whether such documents are actually privileged and/or constitute attorney work product. *See View Eng'g, Inc. v. Robotic Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (recognizing that "[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement").

       Accordingly, the Court should order Viasys to produce a privilege log that lists all responsive documents withheld from production, including communications with "litigation counsel."

4.

II.    VIASYS HAS NOT DEMONSTRATED THAT
PROVIDING A DOCUMENT-BY-DOCUMENT
PRIVILEGE LOG FOR ALL COMMUNI-
CATIONS INVOLVING "LITIGATION
COUNSEL" WOULD BE UNDULY
BURDENSOME

Viasys has failed to demonstrate that providing a document-by-document privilege log for communications involving "litigation counsel" would present any more difficulty than most plaintiffs typically face in every patent litigation. Although it may be time-consuming to specifically assert attorney-client privilege and/or work product immunity in a document intensive litigation, the Third Circuit nevertheless clearly requires such specific identification. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (holding that "claims of attorney-client privilege <u>must</u> be asserted document by document, rather than as a single, blanket assertion") (emphasis added). "Because this ancient and valuable privilege is at the expense of the full discovery of the truth, it should be strictly construed." *United States v. John Doe*, 429 F.3d 450, 453 (3d Cir. 2005). If the privilege is worth protecting, Viasys must be prepared to expend some time to justify its blanket assertions of attorney-client privilege and/or work product immunity.[2]

Viasys' conclusory objection that preparing a document-by-document privilege log for all communications involving "litigation counsel" would be unduly burdensome is without merit. Indeed, Viasys fails to mention that the privilege logs

---

[2]    Although Viasys complains about the alleged "enormous financial and time burden on Viasys that will not result in any similar burden being incurred by VersaMed," (D.I. 55 at 7), it is Viasys' failure to produce a privilege log that is impeding VersaMed's ability to obtain pertinent facts and develop its defenses in this litigation. Indeed, without such a privilege log, VersaMed cannot evaluate whether the documents Viasys has withheld actually are privileged and/or constitute attorney work product.

prepared by lead counsel in the prior DeVries litigation **were already provided** to counsel for Viasys. See Exhibit A hereto. Thus, most of the effort required to prepare a document-by-document privilege log for communications involving "litigation counsel" in that case has already been completed for Viasys.[3]

Moreover, a party asserting a burden objection must support it with an affidavit of a person with knowledge of the issue explaining in reasonable detail the factual basis for such an objection. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) (burden objection overruled for defendant's failure to particularize basis with affidavit or other evidence revealing nature of burden); *Josephs v. Harris*, 677 F.2d 985, 992 (3d Cir. 1982) (holding that the party resisting discovery must show specifically how such discovery is burdensome); *Nagele v. Electronic Data Sys.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (vagueness and burden objections overruled due to defendant's failure to particularize basis); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (to support objections based on alleged burden, a party cannot rely upon conclusory assertions but must provide specifics).

Viasys' unsubstantiated attorney argument that preparing a document-by-document privilege log for all communications involving "litigation counsel" is unduly burdensome should be given no weight.

---

[3]    Viasys does not dispute that its current attorneys, in response to various third party subpoenas served by VersaMed, have voluntarily collected all relevant documents from a number of the law firms representing the parties in the DeVries litigation. Viasys should not complain of undue burden when it voluntarily assumed this "burden" by preventing third parties from responding directly to VersaMed's subpoenas. *See, e.g.*, Exhibit A.

III.    VIASYS' ARGUMENT REGARDING REEXAMINATION IS IRRELEVANT TO THE ISSUES RAISED BY VERSAMED'S MOTION TO COMPEL

Viasys' argument that this case should be stayed pending reexamination of the patent-in-suit is completely irrelevant to the issues raised by VersaMed's motion to compel and thus should be disregarded. Indeed, the fact that Viasys utilized the vast majority of its Answering Brief to discuss this unrelated issue underscores the fact that its blanket assertions of privilege with respect to "litigation counsel" are inappropriate and leave VersaMed unable to determine the documents that have been withheld, the basis for the withholding, and whether Viasys' claims of privilege and work product protection are legitimate.

## CONCLUSION

For the foregoing reasons, and for those set forth in its opening brief, VersaMed respectfully requests that the Court grant the motion to compel and order Viasys to immediately produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) that either (1) includes all allegedly privileged/attorney work product documents generated up to the filing date of this action; or (2) includes all privileged/attorney work product documents generated to date.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
  *Attorneys for Defendant*
  *VersaMed Medical Systems, Inc.*

OF COUNSEL:

Steven P. Weihrouch
Andrew M. Ollis
Robert C. Nissen
Eric W. Schweibenz
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

July 27, 2007
993648

<u>CERTIFICATE OF SERVICE</u>

I, Karen Jacobs Louden, hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Tiffany Geyer Lydon
> ASHBY & GEDDES

I also certify that copies were caused to be served on July 27, 2007 upon the following in the manner indicated:

**BY HAND**

Steven J. Balick
Tiffany Geyer Lydon
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL**

Jeffrey M. Olson
Sidley Austin LLP
555 West Fifth Street
Suite 4000
Los Angeles, CA 90013

*/s/ Karen Jacobs Louden*

klouden@mnat.com

EXHIBIT A

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Elliot Silverman
Attorney at Law
esilverman@mwe.com
949.757.7105

July 13, 2007

VIA E-MAIL AND FIRST CLASS MAIL

Robert C. Nissen, Esq.
Oblon, Spivak, McLelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

   Re: Viasys v. VersaMed

Dear Mr. Nissen:

   This is in response to your letter to me dated June 12, 2007.

   As I told you in our conversation yesterday, Sidley Austin LLP ("Sidley") currently represents Bird Products Corp. and its successors in interest (collectively, "Viasys"), which had formerly been represented by McDermott Will & Emery LLP ("McDermott"). Early in 2007, Viasys requested that McDermott turn over our files relating to that representation to Sidley, and we did so on February 5, 2007.  This was long before we received any subpoena from your firm.

   Because Sidley has our files, and because they currently represent Viasys (and are thus the proper party to assert the attorney-client privilege), we believe that you should seek discovery from them and not from McDermott, which is neither a party to, nor counsel for any party to, the above litigation.

   You have asked me to produce to you (1) certain privilege logs (apparently drafts) which were found in our electronic files, and (2) our cover letter dated February 5, 2007 by which we produced our files to Sidley.  All of these documents are in Sidley's possession.  For the reasons stated above, you should seek them from Sidley, not from McDermott.

         Very truly yours,

         Elliot Silverman

ES:mah
ORC 418806-1.024032.0010

cc:  Matthew S. Jorgenson, Esq.  (via e-mail and first class mail)

U.S. practice conducted through McDermott Will & Emery LLP.

18191 Von Karman Avenue, Suite 500  Irvine, California  92612-7108  Telephone: 949.851.0633  Facsimile: 949.851.9348  www.mwe.com